**GENERAL MOTORS CORPORATION,**
Plaintiff-Appellant,

v.

**UNITED STATES of America and Interstate Commerce Commission,**
Defendants-Appellees,

and

**New York Central Railroad Co. et al.,**
Intervening Defendants-Appellees.

No. 15190.

United States Court of Appeals
Sixth Circuit.

Nov. 20, 1963.

Walter R. Frizzell, Detroit, Mich. (Aloysius Power, Detroit, Mich., on the brief; E. J. McGratty, Jr., Detroit, Mich., of counsel), for General Motors Corp.

Arthur J. Cerra (for I.C.C.), Washington, D. C. (Robert W. Ginnane, Gen. Counsel, Arthur J. Cerra, Asst. Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for United States and Interstate Commerce Commission.

J. Edgar McDonald, New York City, for New York Cent. R. Co.

Before O'SULLIVAN, Circuit Judge, and KALBFLEISCH and PECK, District Judges.

**PER CURIAM.**

In a proceeding before the Interstate Commerce Commission, Plaintiff-Appellant, General Motors Corporation, contended that the proper rail tariff to be applied to its shipments of "bumper back bars" and "stabilizer bars" should be that published for "forgings" instead of a higher tariff for "automobile parts." The Commission found against it. It appeals here from the District Court's dismissal of its complaint whereby it sought to have the order of the Commission set aside.

The articles involved are manufactured in a forging process. They are made to specifications required for installation in General Motors automobiles. As shipped, they are finished and ready for such installation. The terms "forgings" and "automobile parts" are both descriptive of the articles involved. The Commission found that "automobile parts" was the more specific designation for the shipments. If so, the Commission was correct in applying the "automobile parts" tariff. United States v. Gulf Refining Co., 268 U.S. 542, 546, 45 S.Ct. 597, 69 L.Ed. 1082.

In published tariffs there is a general heading, "Manufactured Iron and Steel Articles" under which is found a classification of "forgings." Under another general heading, "Automobile Parts or Accessories" are tariffs for "bumper or bumper fittings" and for "automobile parts, noibn,[1] iron or steel." In its decision, the Commission held that, "the applicable rates on bumper back bars were, and are, those published for automobile bumpers and bumper fittings or, in the absence of such description, those on automobile parts noibn, iron or steel, and that the applicable rates on stabilizer bars were, and are, those published for automobile parts."

■■ Unless the Commission's findings were contrary to law, were arbitrary or capricious, or were unsupported by substantial evidence, neither this Court nor a District Court is at liberty to set them aside. General Motors Corp. v. United States, 299 F.2d 233, 236 (C.A. 6, 1962); Great Lakes Steel Corp. v. United States, 220 F.2d 751 (C.A. 6, 1955), cert. denied 350 U.S. 821, 76 S.Ct. 47, 100 L.Ed. 734. Cf. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. From our review of the record, we are satisfied that the District Judge followed applicable law in concluding that, as to the Commission's decision, "there was substantial evidence based on the whole record to support the finding that the two ar-

---

1. The term "noibn" as used means "not otherwise indexed by name * * * and not rated more specifically in this classification."

ticles in question were automobile parts and, in so finding, the Commission did not act arbitrarily, capriciously or abuse its discretion."

The opinion of the District Court more fully details the evidence. It adequately discusses the issues and the applicable law. It is reported as General Motors Corp. v. United States, D.C., 207 F.Supp. 641.

Judgment affirmed.