SEABOARD AIRLINE RAILROAD COM-
PANY, a Corporation

v.

The UNITED STATES.

No. 281–62.

United States Court of Claims.

Dec. 15, 1967.

James L. Howe, III, Richmond, Va., attorney of record for plaintiff.

John C. Ranney, Washington, D. C., with whom was Acting Asst. Atty. Gen., Carl Eardley, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

SKELTON, Judge.

This case involves the determination of the proper classification ratings to be applied to shipments of certain deicers and decontaminators and the proper charges to be collected by the carrier from the shipper for hauling such articles.

The plaintiff, Seaboard Airline Railroad Company, a private railroad corpo-

ration, hereinafter called plaintiff or Seaboard, filed its petition in this court seeking to collect freight charges in the sum of $11,952.40 from the defendant, the United States, for 24 shipments of deicers made by defendant over its lines from Dodson and Kansas City, Missouri, to Norfolk, Virginia, with storage in transit at McNair, North Carolina, and one shipment of deicers from Dodson to McNair, and nine shipments of decontaminators from Lansing, Michigan, to McNair, and two shipments of decontaminators from Lansing to Norfolk with storage in transit at McNair.

The deicers were shipped on bills of lading on which the deicers were described as a complete unit as "Sprayer, NOIBN,[1]" or "Sprayers, NOIBN W/Engines (Truck, Spray De-Icer) (UFC 41017[2])," or "Spray Outfit, Trk, Mtd. De-Icer & Decontaminating Fluid (De-Icer)."

Bills of lading on which the decontaminators were shipped described them as "1 sprayer, NOIBN, and 1 box," or "1 Sprayers, NOIBN (Decontaminating Apparatus Truck Mtd M–45)," or "1 Sprayers, NOIBN, W/Engines, SU[3] (Apparatus, Decontaminating, Power Driven, Truck Mounted, M3A3)."

Freight charges on both the deicers and decontaminators were based on class 85 rating under rule 18[4] on the theory that both commodities were combination articles and not single articles.[5] Upon audit by the General Accounting Office, it was determined that the charges should have been based on class 45 rating instead of class 85 rating on the theory that the articles shipped were single articles and not combinations of articles.[6] Under authority of section 322 of the Transportation Act of 1940, 54 Stat. 955, 49 U.S.C. § 66 (1964), defendant has set off the alleged overcharges against other charges due and owing by it to Seaboard. Seaboard filed suit in this court to recover the deductions made by the defendant. A counterclaim was filed by defendant to recover $1,015.20, claiming it has overpaid Seaboard in that amount on the shipments involved in this case.

After this suit was filed, Seaboard filed a motion asking this court to refer the issues in the case to the Interstate Commerce Commission, hereinafter sometimes called Commission or I.C.C., for determination. The defendant opposed the motion. This court entered an order suspending proceedings herein and referring the case to such Commission for a determination by it of the proper charges to be applied on all shipments in issue in this case.[7] The parties then filed pleadings before the I.C.C. and the case was referred to a hearing examiner, who proceeded to take evidence.

After hearing the evidence, the examiner found that the deicer was not spe-

---

1. NOIBN means not otherwise indexed by name and not more specifically provided for in the governing classification.

2. Item numbers referred to throughout this opinion may be found only in UFC (Uniform Freight Classification) 3. These numbers were changed in UFC 4. Rule numbers may be found in both UFC 3 or UFC 4.

3. SU means "set up."

4. "When not specifically classified, articles which have been combined or attached to each other will be charged at the rate for the highest classed article of the combination, and on shipments subject to CL [carload] rating the minimum weight will be the highest minimum weight provided for such highest rating; where the CL ratings are the same, the minimum weight will be the highest for any article in the combination."

5. Under rule 18, where there is no specific rating on the purported combination article, the applicable rating is class 85 published on an automobile chassis in item 43770 since that rating is the highest one on any of the combined or attached articles. Class 85 rating published on an automobile chassis in item 43770 provides "Chassis, SU [set up], wheels on or off, with or without seat cabs, loose or in packages: * * *."

6. Item 41017 includes a class 45 rating on sprayers as "Sprayers, noibn, with or without engines, * * *."

7. Commissioner Roald A. Hogenson, to whom this case was assigned, entered his order on June 23, 1964.

cifically classified under that name in the governing classification. He also found that it was a combination of two commodities, a truck chasis and a spray outfit, and that both articles, if separated, were capable of performing their separate functions. Accordingly, it was his opinion that under rule 18, since there was no specific rating on the combination article, the applicable rating was class 85 published on an automobile chassis in item 43770, since that rating was the highest one on any of the combined or attached articles. The Interstate Commerce Commission, acting through its Division 2, disagreed and reversed the examiner. It found that the deicer, which is a spray outfit designed to deice parked aircraft, consisted of a truck chassis and a spray outfit that operates as a unit. It pointed out that if the truck chassis was to perform a useful function by itself, it would require considerable alteration, such as the installation of a body to permit it to carry freight. It concluded that the spray outfit, which weighs about 12,000 pounds, is useless unless it is mounted on a truck chassis for stability and mobility. Accordingly, it concluded that rule 18 was not applicable to a deicer because it is a single article and not a combination of independently usable articles, and that it was included in item 41017 as a sprayer, noibn, and should be rated under class 45.

The I.C.C. examiner found that the decontaminator was similar to a gasoline or fuel oil tank truck that should be rated as a freight automobile, class 85, under item 43780 [8] of the classification. The I.C.C. disagreed and reversed the examiner. It pointed out that a decontaminator, which is designed and used to neutralize noxious gases in wartime, consists in the main of a truck chassis which weighs 10,700 pounds, and a spray unit that weighs 6,075 when boxed. It has a 400 gallon steel tank, a high-pressure pump, power take-off, piping and hoses. The Commission concluded that a decontaminator is specifically constructed to operate as a unit, and that it is not intended for, nor is it suitable for, the transportation of property such as gasoline or fuel oil. Its main function is spraying, not carrying freight. The Commission held that it is a single article and should not be ratable as a freight automobile, but is included in item 41017 as a sprayer, noibn, and should be rated under class 45.

Seaboard contended before the Commission, in the alternative, that a decontaminator is a combination of articles and should be rated similar to a deicer under rule 18. The Commission rejected this theory and held that both the decontaminator and the deicer are included in item 41017 as sprayers, noibn, and the applicable rating for each article is class 45, as contended by defendant. The Commission ordered the case dismissed.

Seaboard filed a motion for reconsideration with the I.C.C. which was denied by the Commission, Division 2, acting as an Appellate Division.

Defendant now moves this court to vacate its order of June 23, 1964, which suspended proceedings in this case pending a determination by the I.C.C. as to the proper charges to be applied to all shipments in suit, and to enforce the decision and order of the I.C.C. in this case, to dismiss the petition herein and enter judgment for defendant on its counterclaim. Seaboard has filed a motion for a trial de novo in this court, including, but not limited to the right to introduce evidence to rebut the findings of the I.C.C., and alleging that the order of the I.C.C. is arbitrary and capricious and is not supported by substantial evidence. The plaintiff says that the issues referred to the I.C.C. by this court did not

---

8. "Freight, including tractors (driving trucks for freight vehicles or fire apparatus), loose or in packages: * * *." Under rule 20 of the same classification, the truck chassis and the boxed spray unit, moving on the same bill of lading, are treated as a single article. Rule 20 reads as follows: "Parts or pieces constituting a complete article, received as one shipment, on one bill of lading, will be charged a rating or rate provided for complete article."

invoke the primary jurisdiction of the Commission, and, therefore, its findings are not binding on this court. It points out that the Commission stated in its order:

> The critical issue in this proceeding is the determination of the applicable classification rating on the two commodities. This is strictly a matter of tariff interpretation.

The plaintiff contends that tariff interpretation is a question of law, and, therefore, is to be decided by this court. The defendant agrees that tariff interpretation is a question of law to be decided by this court. In fact, defendant says that this court could have tried all of the issues in the case without sending them to the I.C.C., because we have concurrent jurisdiction as to tariff interpretation with the I.C.C. However, defendant says that now that the matter has been heard and decided by the body of experts chosen by this court, it is our function to review the decision, decide all relevant questions of law, interpret constitutional and statutory provisions and determine the meaning or applicability of the agency action. In so doing, defendant says that we must review the record as a whole to determine whether the action of the I.C.C. is arbitrary, capricious, or not supported by substantial evidence.[9]

Finally, the plaintiff says that this court should exercise its independent judgment on the issues of law in the case, either on the record made before the Commission (and now before this court) or on that record as supplemented by evidence adduced before this court de novo. Plaintiff urges its contention that it is entitled to a trial de novo with the right to introduce evidence in this court.

The I.C.C. has not been made a party to this suit, although it was given an opportunity to appear and participate in the proceedings. We are advised that it declined to do so, but that it adopts and approves the position taken by the defendant in the case.[10]

Both plaintiff and defendant agree that the basic question in the case is "whether the Interstate Commerce Commission has determined the proper charges to be applied on all shipments in issue in this case." Of course, there are other subsidiary issues raised by the parties, which are set forth in the foregoing paragraphs.

The parties both agree that the following statutes are involved in this proceeding:

28 U.S.C. § 1336 (1964)

\* \* \* \* \* \*

(b) When a district court or the Court of Claims refers a question or issue to the Interstate Commerce Commission for determination, the court which referred the question or issue shall have exclusive jurisdiction of a civil action to enforce, enjoin, set aside, annul, or suspend, in whole or in part, any order of the Interstate Commerce Commission arising out of such referral.

(c) Any action brought under subsection (b) of this section shall be filed within 90 days from the date that the order of the Interstate Commerce Commission becomes final.

28 U.S.C. § 1398 (1964)

\* \* \* \* \* \*

(b) A civil action to enforce, enjoin, set aside, annul, or suspend, in whole or in part, an order of the Interstate Commerce Commission made pursuant to the referral of a question or issue by a district court or by the Court of Claims, shall be brought only in the

---

9. As provided in section 10 of the Administrative Procedure Act, 60 Stat. 243–244 (1946), 5 U.S.C. § 1009(e) (1964), now codified in 5 U.S.C. § 706 (1964 Supp. II).

10. Under these circumstances, we consider the requirements of our Rule 23 to have been complied with and that we may decide this case without the formality of making the Interstate Commerce Commission a party to this proceeding.

court which referred the question or issue.

49 U.S.C. § 17(9) (1964) [11]

(9) Judicial relief from decisions, etc., upon denial or other disposition of application for rehearing, etc.

When an application for rehearing, reargument, or reconsideration of any decision, order, or requirement of a division, an individual Commissioner, or a board with respect to any matter assigned or referred to him or it shall have been made and shall have been denied, or after rehearing, reargument, or reconsideration otherwise disposed of, by the Commission or an appellate division, a suit to enforce, enjoin, suspend, or set aside such decision, order, or requirement, in whole or in part, may be brought in a court of the United States under those provisions of law applicable in the case of suits to enforce, enjoin, suspend, or set aside orders of the Commission, but not otherwise.

We pointed out in the case of McLean Trucking Co., Inc. v. United States, Ct. Cl., 387 F.2d 657, decided October 13, 1967, that 28 U.S.C. §§ 1336, 1398 of the Judicial Code were amended in 1964 to provide that when a district court or the Court of Claims refers a question to the Interstate Commerce Commission for determination, the referring court shall have exclusive jurisdiction of a civil action to enforce, enjoin, set aside, or annul the order of the Commission resulting from the referral. We also held in that case that an attack by one of the parties on the decision of the Commission need not be made in a separate suit, but could be asserted by proper pleadings in the case where the referral was made. These prerequisites, along with those set forth in 49 U.S.C. § 17(9), supra, have been complied with, and the decision of the Commission is now properly before us for judicial review.

The 1964 amendments made no changes in the substantive law, except that venue

and jurisdiction were placed in the court which made the referral. The requirements and prerequisites for judicial review of the Commission's order remain the same as they were before the amendments were enacted.

Prior to the adoption of these amendments, the courts that were called on to judicially review decisions of the Commission generally held that the scope of their review was narrow indeed. This principle was set forth in United States v. Interstate Commerce Commission, 221 F.Supp. 584, 587 (D.D.C.1963), which originated in this court, as follows:

It is well settled that the scope of judicial review of final decisions of administrative agencies is narrow. It is limited and restricted to determining whether the agency committed any errors of law, or transcended the legal limitations on its authority; whether there is substantial evidence to sustain its findings of fact; and whether the result reached was arbitrary or capricious. The Courts are not empowered to consider and weigh the evidence *de novo* and reach an independent conclusion. These considerations are of particular weight in connection with matters such as rate fixing in which technical knowledge and expert skill play a large part.

See also, Illinois Cent. R. R. v. Interstate Commerce Commission, 206 U.S. 441, 27 S.Ct. 700, 51 L.Ed. 1128 (1907); and General Motors Corp. v. United States, 324 F.2d 604, 605 (6th Cir. 1963). In the case last cited, the I.C.C. determined that the term "automobile parts" in the rail tariff included "bumper back bars" and "stabilizer bars." On appeal, the court announced the applicable principle of law as follows:

Unless the Commission's findings were contrary to law, were arbitrary or capricious, or were unsupported by substantial evidence, neither this Court nor a District Court is at liberty to set them aside. [Cases cited.]

---

11. Plaintiff admits 49 U.S.C. § 17(9) (1964) is involved only insofar as it relates to defendant's motion when con-

sidered as a civil action in this court to enforce an order of the Commission.

■ The plaintiff contends that the decision of the Commission is not supported by substantial evidence. We do not agree. We have examined the evidence in some detail and find that the decision of the Commission is supported by substantial evidence, and that it is neither arbitrary, capricious, nor contrary to law.

■ The next argument of the plaintiff is that regardless of the findings of the Commission, they are mere rebuttable or prima facie presumptions and that we should grant it a trial de novo and allow it to introduce evidence in this court which may or may not have been considered by the Commission. This same argument was made in the case of Elgin, Joliet & Eastern Ry. v. Benj. Harris & Co., 245 F.Supp. 467 (N.D.Ill.1965), but was rejected by the court. In that case, the court held that the expertise of the Commission is exercised by its appraisal and interpretation of the evidentiary facts so as to transform them into ultimate facts which serve as a premise for legal consequences to be judicially defined, and that, once this is done, the reviewing court is required to give finality to the ultimate facts found by the Commission. The appealing party was denied a trial de novo in that case. Likewise, we think plaintiff is not entitled to a trial de novo here.

■ The plaintiff insists that the question to be decided here is a question of law and should be governed by the principles announced in Interstate Commerce Commission v. Atlantic Coast Line R. R., 383 U.S. 576, 86 S.Ct. 1000, 16 L. Ed.2d 109 (1966). This case is cited by plaintiff for the proposition that if the question to be decided is one of law and does not invoke the primary jurisdiction of the Commission, the decision of the Commission is only rebuttable prima facie evidence and plaintiff is entitled to a trial de novo. That case discussed a proceeding under section 16(2) of the Interstate Commerce Act for the enforcement of reparation awards, where as, this case is brought under 49 U.S.C. § 17(9) as a direct review proceeding. It is our view that these proceedings are distinct and involve different venue questions and procedures. Referral cases are not subject to section 16(2) proceedings and the procedures there involved are not applicable to a section 17(9) direct review action such as that involved here.

■ It is our view that when we refer a case to the I.C.C. for its determination in accordance with its experience and expertise in connection with the matters referred to it, even though its primary jurisdiction is not thereby invoked, we will not disturb it if it is not contrary to law, arbitrary, capricious, or unsupported by substantial evidence based on the record before it. Therefore, accepting the view of both parties as applied to this case that the questions referred to the I.C.C. did not invoke its primary jurisdiction, we conclude that the Commission reached the correct result and that its decision is not lacking in any of the requirements set forth above. Accordingly, we will not disturb it, nor allow the plaintiff a trial de novo.

■ The Interstate Commerce Commission found as ultimate facts on substantial evidence that the deicers and the decontaminators were sprayers, noibn, and were single entities and not combinations of articles, and that the decontaminator was not a freight automobile as claimed by plaintiff. These ultimate facts having been established, it is the duty of this court to define the legal consequences, obligations, and rights of the parties that result from these facts. However, the Commission proceeded to decide all questions of law as well as of fact and held that both the deicer and decontaminator are included in item 41017 as sprayers, noibn, and the applicable rating for each of these articles is class 45. The Commission ordered the case dismissed.

■ While questions of law are for this court to decide, and we are not bound by decisions of the Commission thereon, we think the decision of the Commission in this case on the legal issues is correct and we will not disturb it.

Accordingly, we approve the decision of the Commission and hold that the deicer and the decontaminator were applicable rating for each article is class item 41017 as sprayers, noibn, and the applicable rates for each article is class 45, and plaintiff was entitled to collect freight charges from defendant on that basis for hauling such articles, and if plaintiff collected more than this amount, it is required to pay defendant the amount of the overcharge. Plaintiff's motion for a trial de novo is denied and defendant's motion to vacate the order of suspension and to enforce the decision and order of the I.C.C. and to dismiss plaintiff's petition is hereby granted. The case is remanded to the trial commissioner for a determination of the amount, if any, due defendant for overpayment of freight, including the amount, if any, due defendant on its counterclaim of $1,015.20.

COLLINS, Judge, took no part in the decision of this case.