**Harold J. DES VIGNES, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTA-TION, FEDERAL AVIATION ADMINISTRATION, Respondent.**

**Appeal No. 85–1111.**

United States Court of Appeals, Federal Circuit.

May 2, 1986.

Andrew Mead von Salis, of Solerwitz & Leeds, Mineola, N.Y., for petitioner.

Sandra P. Spooner, Asst. Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for respondent. With her on the brief were Richard K. Willard, Acting Asst. Atty. Gen. and David M. Cohen, Director. Of counsel was Diane R. Liff, Office of the General Counsel, Dept. of Transp., Washington, D.C.

Before MARKEY, Chief Judge, RICH and SMITH, Circuit Judges.

PER CURIAM.

Harold J. Des Vignes appeals from a decision of the Merit Systems Protection Board (board), affirming his removal from his position as an air traffic controller because of his participation in an illegal strike and absence from his position without au-

thorization. We *affirm* and impose a *sanction* on counsel.

## BACKGROUND

Des Vignes was removed from employment as an air traffic controller at the Houston Air Route Traffic Control Center in Houston, Texas. He appealed to the Dallas Regional Office of the MSPB, which held a hearing.[1]

On January 3, 1983, the presiding official issued an initial 32-page decision affirming the FAA's action.[2] The presiding official found that the strike continued through at least August 6, 1981, that Des Vignes was scheduled to work on August 5, 6, 7 and 8, 1981, that his deadline shift began at 4:00 p.m. on August 5, 1981, and that he did not report for any of his scheduled shifts. The agency presented watch schedules reflecting when Des Vignes was scheduled to work, personnel sign-in logs, and his time and attendance record. That evidence indicated that Des Vignes had failed to report for work when scheduled, beginning on August 3, 1981 and thereafter, and that he was absent without leave during the period August 3 through August 8. The agency also presented the testimony of Des Vignes' facility chief, Mr. Arnold E. Price.

The presiding official properly concluded, citing authority, that the agency had presented prima facie proof that Des Vignes had participated in a strike against the United States. Des Vignes did not testify, but elected to rest after presentation of FAA's evidence. Des Vignes' counsel raised various legal arguments, all of which the presiding official properly rejected. Accordingly, the presiding official concluded and the board agreed that the agency had proven by a preponderance of the evidence, that Des Vignes had participated in the strike and was absent without leave.

The full board granted Des Vignes' request for review and, on October 3, 1983, affirmed the initial decision. 17 M.S.P.R. 479.

## ISSUES

(1) Whether the board's decision is reversible.

(2) Whether this appeal is frivolous.

(3) Whether Des Vignes' counsel has abused the judicial process.

## OPINION

### (1) *Board Decision*

■ Des Vignes has submitted absolutely nothing that could remotely indicate that the board decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. Because Des Vignes has made no showing whatever that the board decision suffers one of those defects, we cannot reverse it. 5 U.S.C. § 7703(c). *Weston v. U.S. Department of Housing and Urban Development*, 724 F.2d 943 (Fed.Cir.1983). Accordingly, the decision appealed from must be affirmed.

### (2) *The Appeal is Frivolous*

■ Des Vignes' counsel has persisted in filing and maintaining this appeal despite the clear, unambiguous, dispositive holdings of this court. Every issue counsel raises is either itself frivolous or is foreclosed by decisions that no reasonable attorney could expect to be overturned, modified, or withdrawn on the present record.

Des Vignes' counsel devotes ten pages of his brief to a contention that this court's suspension of proceedings pending the

---

1. Des Vignes' appeal was included in the consolidation captioned at the hearing level *Richard W. Block v. Department of Transportation, FAA*, Docket No. DA075281F0892 (Initial Decision Jan. 3, 1983), and captioned before the full board *Stephen P. Alex v. Department of Transportation, FAA*, Docket No. DA075281F1329, reported at 17 M.S.P.R. 479 (M.S.P.B.1983).

2. Des Vignes counsel filed a copy of the full board's decision on review, which summarily affirmed the presiding official's decision with respect to Des Vignes. Des Vignes counsel did not file a copy of the presiding official's decision.

board's resolution of certain cases denied Des Vignes due process, yet cites no legal precedent to support that attack upon this court's exercise of its discretion to manage its docket. The suspension is supported by the doctrine of primary jurisdiction. *See, e.g., Ricci v. Chicago Mercantile Exchange,* 409 U.S. 289, 306, 93 S.Ct. 573, 582, 34 L.Ed.2d 525 (1973); *United States v. Western Pacific Railroad Co.,* 352 U.S. 59, 62–70, 77 S.Ct. 161, 164–68, 1 L.Ed.2d 126 (1956); *Far East Conference v. United States,* 342 U.S. 570, 574–75, 72 S.Ct. 492, 494, 96 L.Ed. 576 (1952). It was based as well on precedents of this court and on common sense. *See, e.g., Oceanic Steamship Co. v. United States,* 586 F.2d 774, 793–94, 218 Ct.Cl. 87 (1978); *Seaboard Airline Railroad Co. v. United States,* 387 F.2d 651, 656, 181 Ct.Cl. 719 (1967); *McLean Trucking Co. v. United States,* 387 F.2d 657, 660–61, 181 Ct.Cl. 170 (1967).

In Des Vignes' reply brief, counsel asserts that every petitioner has a right to present the facts of his case to the board and to this court. No petitioner has been denied that right. Access to the courts is a fundamental right, yet nothing in the cases cited by Des Vignes' counsel even remotely suggests that Des Vignes has been denied access, or that courts may not manage their dockets to prevent duplicative and unjustified litigation. Similarly, the assertion that 28 U.S.C. § 2072 has been violated rests solely on an unsupported, unsupportable, conjectural, and conclusory assertion that this court's suspension of proceedings denied Des Vignes a proper hearing.

Finally, counsel's bald assertion, unsupported by any reference to the record or to evidence of distinguishing facts, that the precedents of this court are immaterial and distinguishable from this case, is not only without merit, but professionally reprehensible. Counsel has not shown any facts that distinguish the present appeal from the fact patterns in this court's earlier decisions. It is not true that a petitioner has a right to require the court to repeatedly decide the same issues on the same facts.

Des Vignes' attack on the propriety of the board's consolidation of his appeal with those of others is baseless and in disregard of the rule that management of the board's docket is a matter within the board's discretion. *REA Express, Inc. v. United States,* 568 F.2d 940, 950 (2nd Cir.1977), *cert. denied,* 435 U.S. 923, 98 S.Ct. 1485, 55 L.Ed.2d 516 (1978). Des Vignes makes no reference at all to facts relevant to this case, nowhere indicates that he objected below, and does not even allege that the factors governing consolidation militate against it here. *See, e.g., Dorrance v. Department of Transportation, FAA,* 735 F.2d 516, 519 (Fed.Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984); *Moylan v. Department of Transportation, FAA,* 735 F.2d 524, 525 (Fed.Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984); *In re Air Crash Disaster at Florida Everglades,* 549 F.2d 1006, 1013–14 (5th Cir.1977).

Des Vignes' unsupported contention that the agency was motivated by revenge is unworthy of comment. *See Schapansky v. Department of Transportation, FAA,* 735 F.2d 477, 483–84 (Fed.Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 432, 83 L.Ed.2d 358 (1985). His attack on the drawing of an adverse inference from refusal of air traffic controllers to testify was rejected in *Adams v. Department of Transportation, FAA,* 735 F.2d 488, 492 (Fed.Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984). His argument that federal employees have a constitutional right to strike disregards the statute, 5 U.S.C. § 7311(3); 18 U.S.C. § 1918, and contrary precedent. *See United States v. Taylor,* 693 F.2d 919 (9th Cir.1982); *United States v. Haggerty,* 528 F.Supp. 1286 (D.Colo. 1981); *United Federation of Postal Clerks v. Blount,* 325 F.Supp. 879 (D.D.C.), *aff'd mem.,* 404 U.S. 802, 92 S.Ct. 80, 30 L.Ed.2d 38 (1971). His bare allegation that his union activity short of striking was the basis for charges against him was rejected in *Schapansky,* 735 F.2d at 482–83. His contention that the notice period was improperly reduced under the "crime exception" of 5 U.S.C. § 7513 was rejected in *Scha-*

*pansky,* 735 F.2d at 486, and in *Novotny v. Department of Transportation, FAA,* 735 F.2d 521, 523 (Fed.Cir.1984). His assertion that notice to reply "within seven (7) days" violated 5 U.S.C. § 7513(b)(2) was rejected in *Adams,* 735 F.2d at 490 n. 3. His contention that the agency should have sent him personal copies of materials relied upon by the agency was rejected in *Novotny,* 735 F.2d at 523. His contention that notice was insufficient was rejected in *Adams,* 735 F.2d at 491, and in *Anderson v. Department of Transportation, FAA,* 735 F.2d 537, 539–40 (Fed.Cir.), *cert. denied,* — U.S. ——, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984). His assertion that he was removed for failing to return to work within the 48 hour grace period was rejected in *Anderson,* 735 F.2d at 540. His contention that the harmful error rule should not be applied to procedures required by statute was rejected in *Adams,* 735 F.2d at 490 n. 3., and that rejection was reaffirmed in *Handy v. Postal Service,* 754 F.2d 335, 337 (Fed.Cir.1985). His argument that nexus is lacking between his conduct and the efficiency of the service was rejected in *Schapansky,* 735 F.2d at 484, as was his contention that removal is too harsh for strike participation, *id.* at 484–86. His contention that prima facie proof of strike participation must include more than proof of unauthorized absence during a strike of general knowledge was rejected in *Schapansky, id* at 482–84. His assertion that hearsay evidence can never constitute prima facie proof was rejected in *Campbell v. Department of Transportation, FAA,* 735 F.2d 497, 502 (Fed.Cir.), *cert. denied,* — U.S. ——, 105 S.Ct. 247, 83 L.Ed.2d 185 (1984). His argument that the agency must do more than prima facie prove intent to strike was rejected in *Schapansky,* 735 F.2d at 483. His contention that he thought he had been fired, was confused by conflicting orders, and that FAA did not notify him when to return, was correctly characterized as "disingenuous" in *Adams,*

735 F.2d at 490–91. Nothing of record indicates that Des Vignes was confused, or that he attempted to contact the facility to seek clarification of his deadline. *See Anderson,* 735 F.2d at 540. His unsupported assertion that he was excluded by Houston Center security guards directly challenges the findings and credibility determinations of the presiding official, which this court will not second-guess, *DeSarno v. Department of Commerce,* 761 F.2d 657 (Fed.Cir. 1985), and is "no more than ... a perfunctory challenge to the record." *Kochanny v. Bureau of Alcohol, Tobacco, and Firearms,* 694 F.2d 698, 703 (Fed.Cir.1982).

This appeal is clearly frivolous. *Cecil v. Department of Transportation, FAA,* 767 F.2d 892 (Fed.Cir.1985); *Moir v. Department of the Treasury,* 754 F.2d 341 (Fed. Cir.1985); *Asberry v. United States,* 692 F.2d 1378 (Fed.Cir.1982). The constitutional arguments presented in Part I of Des Vignes' brief are patently frivolous. The arguments set forth in Part II merely restate contentions already rejected in precedent cases and make no attempt to distinguish those cases on either fact or law. Part III, purporting to address individual facts of Des Vignes' case, contains only summary and conclusory statements unsupported in any manner by the record or even by references to the record. Indeed, counsel totally disregards Fed.R.App.P. 28(a)(3), and this Court's Rule 13(a), requiring citations to the record.

### Abuse of the Judicial Process

Counsel for Des Vignes, Mr. Jack B. Solerwitz, filed an appearance and a brief in this and in each of 130 other individual air controller appeals now before this panel. The appeals involve hundreds of individual former air controllers. Except for a paragraph or two relating to individual air controllers, 107 of those briefs are virtually identical to that filed in this case.[3] That they are copies is indicated by the presence

---

3. The briefs in 23 appeals are not identical to that in this case. They are in two groups: (1) 16 in which the bodies of the briefs are identical; (2) 7 in which the briefs are entirely identical.

All 131 briefs reflect violation of the court's rule requiring citation to the record, as discussed herein.

of the same typographical errors in each, and by the failure to distinguish between appeals involving one petitioner from those involving multiple petitioners. Each contains the same type of patently frivolous constitutional arguments, rejected contentions, and unsupported assertions of fact discussed above. Each disserves the court in violating the rule requiring citations to the record.[4] The court was required to check the record and was required to read, and has read, all 131 sets of briefs, in an effort to insure against the possibility that a meritorious appeal might otherwise be overlooked. The court will issue an individual opinion in each of the 131 appeals.

Counsel was repeatedly warned against the filing of frivolous appeals presenting legal issues and fact patterns indistinguishable from those presented and decided in earlier air controller appeals rising out of the same strike and the Presidential action in response thereto. *See Bowen v. Department of Transportation, FAA*, 769 F.2d 753, 756 & n. 4 (Fed.Cir.1985).[5]

Counsel's attention was called by this court to those earlier cases, though counsel is accountable for knowledge of this court's decisions without such notice. With that notice, counsel was requested to review the propriety of continuing to maintain the appeals he had filed. Counsel was sent copies of earlier air controller decisions in which the court found the appeal frivolous and imposed a sanction. With those decision copies, counsel was again requested to review the continued maintenance of any appeal indistinguishable from earlier decisions of this court. Counsel simply ignored those warnings and requests of the court.

Respondent prepared briefs in response to each of counsel's 131 virtually identical briefs. Counsel's failure to refer to the record forced Respondent to do the work incumbent upon counsel. Counsel's failure to supply an appendix in some cases forced Respondent to do so in those cases. Respondent cited the frivolous, rejected, and unsupported contentions discussed above. Respondent also cited counsel's frequent, repeated, and brazen violations of this court's rules. Mr. Solerwitz' reply briefs simply ignored those citations, merely *stating* that the earlier cases were distinguishable (but citing no distinguishing facts), ignored Respondent's charge that he had failed to cite to the record, and stated that the appeal was filed to give Des Vignes access to the court. Faced with clear and insurmountable indication that all 131 appeals were frivolous, Mr. Solerwitz has continued to maintain this and the other 130 appeals.

Counsel's conduct in filing and maintaining this appeal has wasted the time and limited resources of this court, has caused unnecessary expenditure of Respondent's (and thus the taxpayers') resources without even a colorable basis in fact or law, and has denied the availability of this court's resources to deserving litigants.

Counsel's conduct in this and in the other 130 appeals now before us constitutes a flagrant and totally inexcusable abuse of the judicial process.

Accordingly, in respect of this appeal, No. 85–1111, Mr. Solerwitz shall personally pay to the government as a penalty the sum of $1,000. Fed.R.App.P. 38. That payment shall be made within 30 days following the date of this opinion, and Mr. Solerwitz shall notify the Clerk of this court when the payment is made.

AFFIRMED—SANCTION IMPOSED.

---

**4.** In 51 cases, counsel filed no appendix, in disregard of Fed.R.App.P. 30(a), and this court's Rule 12. In 38 of those cases, counsel requested and was denied leave to file a late appendix.

**5.** Requests that counsel review the propriety of maintaining appeals in light of the need to avoid frivolity and the accompanying abuse of the judicial process were sent to counsel on July 12, 1985, July 31, 1985, and August 30, 1985.