**SUN–TEK INDUSTRIES, INC.,**
**Plaintiff–Appellee,**

v.

**KENNEDY SKY LITES, INC. and Kenergy Corporation,**
**Defendants–Appellants.**

No. 88–1078.

United States Court of Appeals,
Federal Circuit.

Sept. 9, 1988.

William H. Shawn, Shawn, Berger, Mann & Moran, Washington, D.C., argued, for plaintiff-appellee.

Robert W. Genzman, Baker & Hostetler, Orlando, Fla., argued, for defendants-appellants. Denis L. Durkin, Baker & Hostetler, Orlando, Fla., was on brief, for defendants-appellants.

Before FRIEDMAN, ARCHER and MICHEL, Circuit Judges.

FRIEDMAN, Circuit Judge.

This is an appeal from an order of the United States District Court for the Middle District of Florida increasing the amount of a supersedeas bond the court had required the appellant to post as a condition to staying the enforcement of a portion of its judgment. We dismiss the appeal because the only portion of the order here challenged, a finding, is not appealable. We further conclude that the appeal is frivolous, and we assess against the appellant's counsel the reasonable attorney fee and costs the appellee incurred in defending the appeal.

I

Following a jury trial of a suit by the appellee, Sun–Tek Industries, Inc. (Sun–Tek), for a declaratory judgment that certain patents of the appellants, Kennedy Sky Lites, Inc. and Kenergy Corporation (collectively Kenergy), were invalid and unenforceable, and Kenergy's counterclaim for infringement, the district court entered a final judgment that the patents were invalid or unenforceable and not infringed. The court subsequently entered an amended final judgment holding that this was an exceptional case under 35 U.S.C. § 285 (1982) and awarding Sun–Tek attorney fees of approximately $450,000. The court directed Kenergy to post a $500,000 bond as security pending appeal and provided that if Kenergy failed to do so within five days, Sun–Tek could execute on the judgment.

Pursuant to Kenergy's emergency motion for reduction of bond, the district court, by order dated March 23, 1987, re-

duced the bond to $200,000 and provided that the posting of the bond would stay execution of the amended judgment pending further proceedings by the court or any appeal. The stay was subject to the conditions, among others, that Kenergy "shall do everything in its power to maintain the value of its assets and to prevent a decrease in the value thereof" and "shall notify the Plaintiff of any transactions of Kenergy Corporation outside of the ordinary course of business so that upon application of any party, with notice and opportunity to be heard, the Court's approval or disapproval, or modification of any terms of this plan, could be obtained."

In September 1987, Sun–Tek filed an emergency motion to vacate the March 23 order on the ground that Kenergy was "in extreme violation" of the conditions in that order. After oral argument on the motion, the district court, by order dated September 29, 1987, vacated the portion of the March 23 order that reduced the supersedeas bond to $200,000, and directed Kenergy to "post as security for appeal" an additional supersedeas bond of $350,000. The order contained the following findings:

1. Defendants have not maintained the value of their assets as required by the order of this Court entered March 23, 1987, upon their motion, and that, in fact, the value of Defendants' assets has declined yet further from the date of that order;

2. That Defendants and their counsel failed to honor or abide by the terms of their requested order entered March 23, 1987, by failing to provide documentation they undertook to furnish under the order; and

3. That the value of Defendants' assets, as well as the deterioration of other key financial indicators, establishes the provisions of the order of March 23, 1987, reducing the bond *will not* provide Plaintiff with adequate security for its judgment. [Emphasis in original.]

Kenergy then filed in this court a motion to reduce the $550,000 bond. On October 20, 1987, we denied the motion because we could not "say that the district court abused its discretion in requiring Kenergy to post a bond in the full amount of the judgment."

On November 6, 1987, Kenergy filed a Notice of Appeal to this court from "the Order Vacating, In Part, Order of March 23, 1987 and Requirement for Additional Bond entered on September 29, 1987, and all appealable issues pertaining thereto."

Sun–Tek states in its brief, and Kenergy does not deny, that Kenergy did not post the additional supersedeas bond of $350,000, and that after various postjudgment proceedings, Sun–Tek executed on and satisfied the judgment for attorney fees on or about December 4, 1987.

Kenergy filed its brief in this court on January 22, 1988, and a reply brief on March 24, 1988.

In this court's recent decision on the merits of Kenergy's appeal, we vacated portions of the judgment of the district court, including the portion awarding attorney fees, and dismissed other parts of the appeal. *Sun–Tek Indus., Inc. v. Kennedy Sky Lites, Inc.*, 848 F.2d 179, 6 USPQ2d 2017 (Fed.Cir.1988).

## II

A. The parties have not addressed the question whether an order increasing a supersedeas bond pending appeal is a final decision which is appealable under 28 U.S.C. § 1291 (1982). Since the issue goes to our jurisdiction, we necessarily must consider it.

Ordinarily, in deciding procedural questions that involve no special issues relating to patent law, we follow the decisions of the regional circuit in which the district court sits. *Power Controls Corp. v. Hybrinetics, Inc.*, 806 F.2d 234, 237, 231 USPQ 774, 776 (Fed.Cir.1986); *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574–75, 223 USPQ 465, 471 (Fed.Cir.1984). Where, however, as here, the procedural issue relates to our jurisdiction, "such deference is inappropriate.... This court has the duty to determine its jurisdiction.... We may, of course, look

for guidance in the decisions of the regional circuit to which appeals from the district court would normally lie, as well as those of other courts. *Woodard v. Sage Prods., Inc.*, 818 F.2d 841, 844, 2 USPQ2d 1649, 1651 (Fed.Cir.1987) (in banc) (citation omitted).

The Fifth Circuit apparently has assumed that an order refusing to increase a supersedeas bond pending appeal is appealable, since it first remanded the case for the district court to explain why it refused the increase and, upon finding such explanation unsatisfactory, again remanded for the district court to reconsider its action in light of the principles it announced in its opinion. *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir.1979). The Second Circuit stated in dictum that it "would not consider a determination as to the amount of security to be appealable" under the collateral order principle of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Phelps v. Burnham*, 327 F.2d 812, 814 (2d Cir. 1964).

*Phelps*, however, involved the posting of security for costs in a stockholders' derivative action, which occurred at the outset of the litigation. The increase in the supersedeas bond in the present case, however, was made at the end of the district court proceedings, after the merits had been decided, and it therefore was not interlocutory. See also *Donlon Industries, Inc. v. Forte*, 402 F.2d 935 (2d Cir.1968) (denial of motion to post security for costs not appealable), and *Bancroft Navigation Co. v. Chadade Steamship Co.*, 349 F.2d 527 (2d Cir.1965) (orders relating to posting of security on a cross-libel not appealable), neither of which involved the posting or increase of a supersedeas bond.

As indicated, the parties have not addressed the issue. We follow the same course as the Eighth Circuit did where, in holding in a comparable situation that orders requiring supersedeas bonds were moot, the court "assum[ed] that they were appealable." *Missouri Pac. R.R. Co. 5¼% Secured Serial Bondholders' Comm. v.*

*Thompson*, 194 F.2d 799, 804 (8th Cir. 1952). We, too, assume *arguendo* that the September 29, 1987 order is appealable.

■ B. Although the order increased the supersedeas bond from $200,000 to $550,000, neither in its brief nor in oral argument has Kenergy challenged that ruling. Instead, Kenergy attacked only the portion of paragraph 2 of the district court's order of September 29, 1987, in which the court found that Kenergy's "counsel failed to honor or abide by the terms" of the March 23, 1987 order. According to Kenergy, that finding "was clearly erroneous in that there is no evidence in the record to support this finding." The only relief Kenergy seeks is that this court should "reverse the trial court's finding that Defendants' counsel violated the March 23, 1987 order and remand to the trial court with instructions to enter an order consistent with this opinion." In other words, what Kenergy seeks in this appeal is the expungement of the reference to "counsel" in paragraph 2 of the September 29, 1987 order.

This court reviews judgments. *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1540, 218 USPQ 871, 880 (Fed.Cir.1983) ("We sit to review judgments, not opinions."); *see also Black v. Cutter Laboratories*, 351 U.S. 292, 297, 76 S.Ct. 824, 827, 100 L.Ed. 1188 (1956) ("This Court, however, reviews judgments, not statements in opinions."). Although we review findings in connection with our review of judgments, we do not review findings independently, and that is precisely what Kenergy asks us to do. There is no basis upon which we could review the finding that Kenergy challenges except in connection with review of the order in which the finding was included, and Kenergy has not challenged the order itself.

Moreover, reversal of the portion of the finding that Kenergy challenges would not warrant any change in the district court's order increasing the supersedeas bond, since the finding stated that not only counsel but also Kenergy itself had not complied with the March 23, 1987 order. Indeed, it is difficult to understand what in-

terest Kenergy would have in challenging the portion of the finding that was critical of its counsel, when it has not challenged the other portion that used the identical critical language about it.

In sum, the finding that Kenergy here challenges is not an appealable order, and we have no jurisdiction to review it. We therefore will dismiss the appeal.

## III

■■■ This appeal is frivolous. The September 29, 1987 order required the additional supersedeas bond as a condition to staying execution pending appeal of the court's earlier judgment awarding attorney fees. The validity of the September 29 order became moot in December 1987 when, following Kenergy's failure to post the increased bond, Sun–Tek executed on and satisfied the judgment.

Kenergy nevertheless thereafter pursued its appeal in this court. It filed a brief and reply brief and presented oral argument, thereby wasting the time of the court by requiring the court to consider and decide a case that should not have been presented to it. *See Des Vignes v. Department of Transp.*, 791 F.2d 142, 146 (Fed.Cir.1986), *cert. denied*, 479 U.S. 853, 107 S.Ct. 185, 93 L.Ed.2d 119 (1986). Kenergy's pursuit of this appeal also required Sun–Tek to file a brief and to argue the appeal—actions it never should have been required to take. *Id.* As indicated, there was no valid legal basis for Kenergy's attempt to obtain a reversal of the portion of the finding it attacked, while at the same time not challenging the order of which the finding was but a subsidiary part.

The nature of Kenergy's appeal to this court—a challenge only to a portion of the finding that Kenergy's counsel did not comply with an earlier order but not to the other portion of the finding that Kenergy itself also had not complied—leaves no doubt that the moving party in this frivolous appeal was not Kenergy but its counsel. Accordingly, pursuant to Rule 38 of the Federal Rules of Appellate Procedure, we award as just damages for maintaining this frivolous appeal the payment by Kenergy's counsel to Sun–Tek of the reasonable attorney fee and costs Sun–Tek incurred in defending the appeal before this court.

## CONCLUSION

The appeal is dismissed for lack of jurisdiction because it challenges only a finding which is unappealable. Kenergy's counsel on this appeal shall pay to Sun–Tek the reasonable attorney fee and costs Sun–Tek incurred in defending the appeal.

APPEAL DISMISSED and ATTORNEY FEE AND COSTS AWARDED.