**SUN–TEK INDUSTRIES, INC.,**
**Plaintiff–Appellee,**

**v.**

**KENNEDY SKY–LITES, INC., and Kenergy Corporation,**
**Defendants–Appellants.**

No. 88–1078.

United States Court of Appeals,
Federal Circuit.

Jan. 18, 1989.

William H. Shawn, Shawn, Berger, Mann & Moran, Washington, D.C., argued for plaintiff-appellee.

Robert W. Genzman, Baker & Hostetler, Orlando, Fla., argued for defendants-appellants. Denis L. Durkin, Baker & Hostetler, Orlando, Fla., was on the brief for defendants-appellants.

Before FRIEDMAN, ARCHER, and MICHEL, Circuit Judges.

### ORDER

FRIEDMAN, Circuit Judge.

In *Sun–Tek Indus., Inc. v. Kennedy Sky Lites, Inc.*, 856 F.2d 173, 8 USPQ2d 1154 (Fed.Cir.1988), we dismissed an appeal as frivolous, and "award[ed] as just damages for maintaining this frivolous appeal the payment by Kenergy's counsel to Sun–Tek of the reasonable attorney fee and costs Sun–Tek incurred in defending the appeal before this court." 856 F.2d at 177, 8 USPQ2d at 1157.

Sun–Tek filed an application seeking attorney fees and costs incurred in the appeal of $29,303.12. The application specified the precise services performed and the time incurred in performing them (162.5 hours), the time spent by individual attorneys and a paralegal, and the hourly rates those persons charged. The application also set forth expenses "reasonably incurred in rep-

resenting Appellees in this appeal," which totaled $1,373.12.

Kenergy filed an opposition which challenges the requested fees and expenses as excessive on various grounds. (Although Kenergy filed the opposition, in our prior decision we pointed out that "the moving party in this frivolous appeal was not Kenergy but its counsel." 856 F.2d at 177, 8 USPQ2d at 1157. The present opposition obviously involves a similar situation.) It proposes that the fees and expenses be reduced by $11,312.24 to $17,990.88. Kenergy asserts that the fee application inadequately documents the fees and expenses incurred, that the legal services involve duplicative research, and that the fees cover work performed by senior lawyers that junior lawyers or paralegals could have done and work done in developing and presenting an unnecessary and inappropriate legal argument. Finally, Kenergy asserts that the costs include an improper charge for word processing.

█ Kenergy relies upon cases that have made adjustments for similar reasons in determining attorney fees. Those cases, however, all arose under statutes authorizing a court to award a "reasonable" attorney fee to the prevailing party. In contrast, the award of attorney fees and costs in the present case was made pursuant to Rule 38 of the Federal Rules of Appellate Procedure, which authorizes a court, upon determining that an appeal is frivolous, to award "just damages" and costs to the appellee.

█ Unlike the award of attorney fees under the fee-shifting statutes involved in the cases upon which Kenergy relies, the "purpose" of an award of attorney fees as "just damages" under Rule 38 "is not only to compensate a winner before the district court for expense and delay in defending against meritless arguments on appeal but to deter frivolous appeals and thus preserve the appellate calendar for cases worthy of consideration." *United States v. Phoenix Petroleum Co.*, 727 F.2d 1579, 1580 n. 4 (TECA 1984). Here we use the attorney's fees and costs actually incurred as the measure of the damages the appellee actually suffered in defending against a frivolous appeal. Since in awarding fees and costs as damages we acted pursuant to Rule 38, neither notice to counsel against whom the fees and costs were assessed nor a hearing was required. *Toepfer v. Department of Transp.*, 792 F.2d 1102 (Fed. Cir.1986)

█ We therefore decline to make the kind of inquiry into the "reasonableness" of the attorney fees and costs that Kenergy urges. Ordinarily the only inquiry in determining the propriety of the amount of attorney fees to be paid as damages by an appellant who has filed a frivolous appeal is whether the appellee actually incurred the fees sought in defending against the appeal. In this case there is thus no occasion to consider whether the amount of those fees and costs is reasonable under the standards governing the award of attorney fees under fee-shifting statutes. In any event, Kenergy has not shown any valid basis for holding that the fees and costs Sun–Tek seeks are unreasonable.

Kenergy does not question that Sun–Tek in fact incurred the fees and costs for which it seeks reimbursement in defending against Kenergy's appeal. As far as this case is concerned, that is the end of the matter. Although possibly there could be exceptional circumstances that would warrant some inquiry into the reasonableness of the fees and costs incurred for defending against a frivolous appeal, no exceptional circumstances are present in this case. We, of course, intimate no opinion on whether, in what circumstances and to what an extent, a reduction of attorney fees and costs incurred in defending against a frivolous appeal would be appropriate.

Kenergy's counsel is ordered to pay to Sun–Tek the $29,303.12 in attorney fees and costs that Sun–Tek incurred in defending against Kenergy's frivolous appeal.