865 F.2d 268
 9 U.S.P.Q.2d 1743
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SPINDELFABRIK SUESSEN-SCHURR, Stahlecker & Grill GmbH, Hans
Stahlecker and Fritz Stahlecker, Plaintiffs/Cross-Appellants,
v.
SCHUBERT & SALZER MASCHINENFABRIK AKTIENGESELLSCHAFT and
Schubert & Salzer Machine Works, Inc.,
Defendants-Appellants.
 Nos. 88-1280, 88-1429.
 United States Court of Appeals, Federal Circuit.
 Dec. 12, 1988.
Rehearing Denied Jan. 27, 1989.
Suggestion for Rehearing In Banc Declined Feb. 9, 1989.
 
 Before FRIEDMAN, Circuit Judge, BALDWIN, Senior Circuit Judge, and MAYER, Circuit Judge.
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 The order of the United States District Court for the District of South Carolina holding the appellants in civil contempt of the court's prior injunction orders is affirmed. The cross-appeal is dismissed.
 
 OPINION
 
 2
 * A. Following a trial on the merits of this patent infringement suit, the district court held that the appellants (collectively Schubert) had infringed two patents (U.S. Patent No. 4,059,946 ('946) and U.S. Patent No. 4,175,370 ('370)) of the plaintiffs below (collectively Spindelfabrik), and that the patents were not invalid. The patents cover "open-end spinning (OES), a technology whereby uniformly twisted yarn is produced from irregular strands of fiber." Spindelfabrik Suessen-Schurr v. Schubert & Salzer, 829 F.2d 1075, 1077 (Fed.Cir.1987).
 
 
 3
 The court also rejected Schubert's defense that it held an implied license from Spindelfabrik under the '946 patent. The theory of that defense was as follows: (1) Schubert had obtained a license from a different company under a different patent (the Hirai patent) that covered similar but patentably distinct subject matter; (2) Spindelfabrik had subsequently bought the rights to this patent encumbered by the license; (3) since Spindelfabrik knew the patent was so encumbered and knew the subject matter was similar to the '946 patent, Spindelfabrik intended to extend Schubert's license to include the '946 patent.
 
 
 4
 In rejecting this defense, the court pointed out that the original owner of the patent could not possibly have granted Schubert a license under the '946 patent, which it did not own. The court also noted that Spindelfabrik had already filed its infringement suit under the '946 patent when it bought the rights under the other patent. The court found that Spindelfabrik purchased the rights under this patent because of its dubious validity and because it did not want the errors in prosecution of this patent to be imputed to it: "The net effect of [Spindelfabrik's] acquisition of these patents was that the Hirai thorn in [Spindelfabrik's] side was finally and completely removed."
 
 
 5
 The court enjoined Schubert "from manufacturing, using or selling in the United States their accused infringing 'Spincomat' automatic piecing device, or any other device embodying any invention claimed in the '946 or '370 patent." The court also found that Schubert's infringement was willful, and awarded enhanced damages and attorney fees.
 
 
 6
 After entry of the injunction, Schubert sought court approval to exhibit an allegedly noninfringing new machine at an upcoming trade show. After a hearing, the court denied approval. Nevertheless, Schubert exhibited and demonstrated the allegedly new and noninfringing machine at the trade show. Following another evidentiary hearing, the court held that the exhibited device infringed claim 18 of the '946 patent, and directed its removal from the show.
 
 
 7
 We affirmed the district court. Id. at 1082. In a lengthy opinion, we rejected Schubert's implied license defense because that defense "would result in an unintended windfall to Schubert that makes no sense under the facts of this case." Id.
 
 
 8
 B. Five days after we issued our opinion, Spindelfabrik informed the district court that Schubert was "once again actively engaged in marketing [infringing machines] in the United States." Schubert responded that two new modifications made this particular machine noninfringing. After an evidentiary hearing, the district court held that the new machine also infringed claim 18 of the '946 patent. The court held Schubert to be in civil contempt of the injunction and stated that it would "make an appropriate and meaningful award to plaintiffs of damages and attorneys' fees to compensate plaintiffs for the infringement and for being required to deal with defendants' defiant conduct since entry of the original injunction in this action."
 
 
 9
 First, Schubert contended that a change in the timing of the machine's operation avoided infringement. The court found that despite the change, claim 18 of the '946 patent covered the machine. Second, Schubert argued that a change in sequencing of the compressed air cycle avoided the claim. The court found that the change in sequencing was adjustable, so the customer could return the compressed air cycle to its original sequence, and that Schubert had done that in exhibiting the new machine. The court further noted that even with the change in sequencing, the machine removed fibers by a vacuum rather than by compressed air, indicating that the modification was ineffective to avoid the claim. In short, the court held that the new machine was "nothing more than a colorable imitation of those devices already adjudged to infringe."
 
 
 10
 Finally, in discussing the culpable nature of Schubert's conduct, the court noted that the first post-trial modification, which had prevented that machine from reading on the '370 patent claims, had been removed in this latest model. The court stated that this fact showed renewed infringement of the '370 patent and reflected Schubert's callous disregard for the court's injunction.
 
 II
 
 11
 A. Schubert's principal argument and the foundation of some of its other arguments is the reassertion of its contention that it had an implied license under the Spindelfabrik patent. We fully considered but rejected that contention in the prior appeal in this case, and that decision is the law of the case.
 
 
 12
 Schubert invokes the recognized exception of the law-of-the-case doctrine that a court will not "adhere[ ] to a decision in a prior appeal in the same case" if "the decision was clearly erroneous and would work a manifest injustice." United States v. Turtle Mt. Band of Chippewa Indians, 612 F.2d 517, 521 (Ct.Cl.1979), quoted with approval in J.E.T.S., Inc. v. United States, 838 F.2d 1196 (Fed.Cir.1988); Christianson v. Colt Industries, --- U.S. ----, 56 U.S.L.W. 4625 (June 17, 1988). Schubert has not come even close to meeting that standard. It has not shown that our rejection of its implied-license defense in the prior appeal was erroneous, much less clearly so, or that following that decision would work a manifest injustice. Schubert is merely asking us to re-decide an issue that we fully considered and decided against in the prior appeal. We decline to revisit that issue.
 
 
 13
 B. We also reject Schubert's contention that the use of compressed air in the new machine avoids infringement of claim 18 of the '946 patent. The district court found that the new machine uses a vacuum to remove fibers, not compressed air. The court based this finding on testimony from Schubert's own designer that these fibers are "discharged from the rotor by the compressed air stream and the vacuum." The new machine therefore reads on the following language of claim 18 of the '946 patent:
 
 
 14
 further comprising means for supplying a vacuum to said spinning rotor to remove any fiber supplied during said preparation of said spinning assembly by said preparing means.
 
 
 15
 The district court's finding that both claim 18 of the '946 patent and the asserted claims of the '370 patent cover the new machine is not clearly erroneous.
 
 III
 
 16
 Spindelfabrik's cross-appeal grows out of a motion by Rieter Corporation and its similarly named Swiss parent to intervene in this case.
 
 
 17
 In paragraph 3 of its order holding Schubert in contempt, the district court made the injunction provisions applicable to the defendants and "those persons in active concert or participation with them who receive actual notice." In an accompanying opinion, the court indicated that this provision was intended to cover Rieter Corporation since it stated:
 
 
 18
 Finally, defendants' actions in transferring their U.S. employees to Rieter Corporation in Spartanburg, South Carolina so that defendants' continued U.S. marketing effort will have the appearance of being conducted by a "new" entity is another charade which the Court finds is solely for the purpose of evading the outstanding injunction.
 
 
 19
 Rieter Corporation and its Swiss parent moved to intervene so that they could appeal this order insofar as it applied to them. Rieter submitted affidavits with respect to an alleged agreement between Spindelfabrik and Rieter Swiss purporting to grant a patent license to Rieter Swiss under the two patents in suit. Spindelfabrik opposed the motion to intervene, asserting that the interpretation of the alleged agreement went beyond the issues in the contempt hearing or, alternatively, that the agreement did not, in fact, provide for U.S. sublicensing.
 
 
 20
 The court modified its contempt order, deleting all references to Rieter and Rieter Swiss, and denied the motion to intervene. Rieter Corp. v. Spindelfabrik Suessen-Schurr, No. 83-2421-3, slip op. and order, p. 5 (D.S.C. April 21, 1988). In its accompanying opinion, the court stated:
 
 
 21
 Pursuant to its review and determination of these submissions consisting of numerous Affidavits and Memoranda, the court determines that, under the laws of Switzerland, Rieter Swiss is entitled to exercise the granted "right to manufacture" anywhere in the world, using its own technology or the technology of any person or entity, and, further is entitled to exercise the granted "right to have manufactured" through any person or other entity, anywhere in the world, using its own technology or the technology of any person or other entity. The license granted by [Spindelfabrik] would be construed no differently if it were governed by the judicial precedence of the United States.
 
 
 22
 Id. at 3-4.
 
 
 23
 In its cross-appeal, Spindelfabrik seeks a remand "with instructions to expunge all passages therein which do or can be construed as going to the merits of the Rieter's allegations concerning the 1981 [Spindelfabrik]/Rieter agreement." Spindelfabrik does not challenge the denial of intervention or the modification of the injunction to delete any reference to Rieter and Rieter Swiss. It seeks only to delete certain language from the opinion and findings.
 
 
 24
 We review judgments, not statements in opinions, or findings separately. Sun-Tek Industries, Inc. v. Kennedy Sky Lites, Inc., 856 F.2d 173, 176 (Fed.Cir.1988). Since Spindelfabrik has not challenged the order itself, there is nothing before us that we properly can review. Accordingly, the cross-appeal must be dismissed.