**John A. NOVOTNY, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTA-TION, FEDERAL AVIATION AD-MINISTRATION, Respondent.**

**Appeal No. 83–1161.**

United States Court of Appeals, Federal Circuit.

May 18, 1984.

Jack B. Solerwitz, Mineola, N.Y., argued for petitioner.

M. Susan Burnett, Washington, D.C., argued for respondent, J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Sandra P. Spooner and Lorraine B. Halloway, Washington, D.C., were on the brief.

Before MARKEY, Chief Judge, and FRIEDMAN, RICH, SMITH and NIES, Circuit Judges.

RICH, Circuit Judge.

This appeal is from the April 25, 1983, decision of the Merit Systems Protection Board (Board) sustaining the removal of John A. Novotny from his position as Air Traffic Control Specialist at the Denver Air Route Traffic Control Center. Novotny's discharge was based on the grounds that he was absent from his position without leave and that he participated in a strike against the United States. We affirm.

## Background

Novotny was an Air Traffic Control Specialist at the Denver Air Route Traffic Control Center, Longmont, Colorado. On August 3, 1981, the Professional Air Traffic Controllers Organization (PATCO) began a nation-wide strike against the Department of Transportation's Federal Aviation Administration (agency). Novotny was charged with failing to report for duty at 3:15 p.m. on August 6, 1981. By letter of August 9, 1981, Chief Ralph P. Kiss of the Denver Air Route Traffic Control Center advised Novotny that the agency proposed to remove him from his position as an air traffic controller based upon his participation in an illegal strike against the United States and for being absent without leave.

By letter of August 17, 1981, Novotny responded to Chief Kiss's letter of August 9, stating that he was unable to affirm or deny the charges. By letter of August 22, Novotny was informed that his employment would be terminated effective September 2, 1981. Novotny appealed to the Board, and after a hearing, a Presiding Official sustained the agency's removal of Novotny, as did the Board on petition for review in *Campbell et al. v. Department of Transportation* (Docket No. DEO75281F0674 April 25, 1983).

Novotny did not deny the charges against him at any stage of these proceedings, nor did he elect to testify during the hearing before the Presiding Official.

More details concerning the air traffic controllers' strike are set forth in related cases decided concurrently herewith: *Schapansky v. Department of Transportation*, 735 F.2d 477 (Fed.Cir.1984); *Adams v. Department of Transportation*, 735 F.2d 488 (Fed.Cir.1984); and *Campbell v. Department of Transportation*, 735 F.2d 496 (Fed.Cir.1984).

## Issues

Novotny challenges the agency's removal action on several grounds, principally (1) the agency failed to present a prima facie case of his participation in a strike and did not prove its case by a preponderance of the evidence; (2) his removal did not promote the efficiency of the service; and (3) the penalty of removal was not justified. These issues were decided in *Schapansky*, supra, and Novotny's appeal on these grounds is rejected for the reasons set forth in *Schapansky*.

Novotny further contends that (4) the Presiding Official improperly based his decision on hearsay evidence, i.e., Time and Attendance Reports on which Chief Kiss relied to corroborate Novotny's absence from work on the August 6 assigned shift. This issue was resolved in another related air traffic controller case decided concurrently herewith, *Dorrance v. Department of Transportation*, 735 F.2d 516 (Fed. Cir.1984), and Novotny's argument is rejected for the reasons set out in *Dorrance*.

Additionally, Novotny contends that (5) the agency committed an error of law by not allowing Novotny at least seven days to respond to the charges against him; (6) he was illegally suspended during the pendency of the agency's removal action. This court held in favor of the agency on this issue in *Adams*, supra. The (7) asserted failure to allow an oral response is dealt with in *Campbell*, supra.

Finally, Novotny urges our reversal of the Board's decision because of several procedural errors which will be treated herein: (8) the agency's failure to conduct an independent investigation of the crime of striking with which he was charged; (9) the agency failed to send copies of the materials it relied on to him; (10) the agency failed to specify the actual elements of the charges; and (11) the processing of his appeal in the form of a "quasi-criminal" proceeding constituted a denial of his due process rights.

## OPINION

We note at the outset that our standard of review for the decisions appealed from the Board is set forth in 5 U.S.C.

§ 7703(c).[1] *Bradbie v. EEOC,* 705 F.2d 1331 (Fed.Cir.1983); *Shaw v. U.S. Postal Service,* 697 F.2d 1078 (Fed.Cir.1983).

■ Novotny argues that the agency failed to conduct a necessary, independent investigation of the crime of striking against the United States with which he was charged. To support this contention, he relies on *Land v. Federal Aviation Administration,* 82 Fed. Merit Sys.Rep. ¶ 5340 (MSPB 1982). In *Land,* the Board noted that an agency investigation of an employee removed for possession of marijuana included an interview with the arresting officer and a review of the arrest records, in addition to the agency's awareness of the arrest through media coverage and widespread notoriety of the incident within the agency. The case, however, sets forth no rule requiring such an independent investigation, and the pertinent statute, 5 U.S.C. § 7513(b)(1) requires only "reasonable cause to believe the employee has committed a crime." In *Land* the court found that the agency had established reasonable cause. Novotny's unexplained absence during a well-publicized strike established "a reasonable basis for its belief that he had committed the crime of striking against the government." *Schapansky,* supra, at 485. Thus, the government properly invoked the seven day response period.

■ Novotny next contends that the agency's failure to send him copies of the materials it relied upon to determine the charges against him was harmful procedural error.[2] He asserts that had these materials been provided prior to his actual termination he "could have adequately prepared a defense so that the termination action would not have been taken." The Presiding Official ruled that the appellants in *Campbell et al.* had failed to state what information the agency possessed that was not made available to them and that they did not state how they were harmed.

Novotny has the burden of showing that the agency procedure of requiring him to come to the facility to review the materials substantially impaired his rights. *Shaw,* supra; *Brewer v. United States,* 647 F.2d 1093, 227 Ct.Cl. 276 (1981), *cert. den.,* 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982). Novotny does not assert that he or his representative lacked knowledge of the materials. At most, the procedure may have been an inconvenience. Therefore, Novotny's argument that failure to send materials was harmful error is rejected.

■ Novotny also asserts as harmful error the agency's failure to specify the actual elements of the charges against him, and he characterizes this as the "major" error. He contends that the actual charge against him was his failure to return to work in accordance with a Presidentially imposed deadline—not for striking or being absent without leave, as set forth in the August 9, 1981, letter from Chief Kiss. Novotny alleges that this error deprived him of an opportunity to make an "informed reply" to the charges, and that he was confused as to the actual deadline for returning to work.

The Board found Novotny had been on strike and absent without leave. There is no testimony by Novotny in the record as to confusion, nor is there any showing by

---

**1.** 5 U.S.C. § 7703(c) provides in pertinent part:
    (c) In any case filed in the United States Court of Appeals for the Federal Circuit, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—
    (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
    (2) obtained without procedures required by law, rule, or regulation having been followed; or
    (3) unsupported by substantial evidence;
    ....

**2.** 5 U.S.C. § 7701(c)(2) provides that the Board may not sustain an agency decision "if the employee ... (A) shows harmful error in the application of the agency's procedures in arriving at such decision; ...." The PATCO contract on which Novotny relies contains a similar provision, as admitted in Novotny's brief. Accordingly, we fail to see that the PATCO contract which Novotny asserts requires materials *to be sent* changes the result.

Novotny that the actual charge against him was other than as specified. As we noted in *Schapansky, supra* at 486, "An argument that the President's grace period somehow denied due process comes with poor grace from one who ignored it." *See Anderson v. Department of Transportation,* 735 F.2d 537 (Fed.Cir.1984).

■ Lastly, Novotny argues that the administrative procedures used by the agency were "in essence, quasi-criminal proceedings" and that it therefore should have been required to prove its case by a stricter standard than a "preponderance of the evidence," which the Board held had been met. This argument is without merit. Contentions that government employees faced with removal are "entitled to all the protections of a criminal trial" have been authoritatively rejected. *See Hoover v. United States,* 513 F.2d 603, 606, 206 Ct.Cl. 640 (1975).

*Summary*

We hold that the agency's procedures were in accordance with the law and that its actions, including the failure to send materials, involved no harmful error. Accordingly, for the reasons stated herein and in the related cases decided today, the Board's decision sustaining the September 2, 1981, removal of Novotny by the agency from his position as Air Traffic Control Specialist at the Denver Air Route Traffic Control Center is *affirmed.*

AFFIRMED.