ARCHER, Chief Judge.
Petitioner John Uske appeals from the final decision of the Merit Systems Protection Board (MSPB or board), Docket No. NY-0752-92-0511-1-1 (Jan. 25, 1995), which affirmed Uske’s removal from the United States Postal Service (Postal Service or agency) for conduct unbecoming a postal supervisor and conduct prejudicial to the Postal Service. We affirm the board’s final decision.
BACKGROUND
At the center of this case are pornographic photographs published in an issue of Lips magazine. According to Ira Chaplin, a Maintenance Supervisor at the Brooklyn, New York, Detached Mail Unit (DMU), these photographs were taken in the old Maintenance Office at the DMU. Chaplin worked out of the old Maintenance Office, and Uske was a co-supervisor with Chaplin at the DMU.
Concluding from its investigation that Uske had taken the pornographic photographs in question on postal property, submitted them to Lips magazine for money and initiated distribution into the workplace, the agency sent Uske a Notice of Proposed Removal charging him with conduct unbecoming a postal supervisor and conduct prejudicial to the Postal Service. The agency supported its charges with five written statements from postal employees and with a memorandum of an interview Uske had with postal inspectors.
Uske did not respond to the Notice of Proposed Removal and was thereafter removed by the agency. He appealed his removal to the MSPB and a hearing was held at which Uske, a postal inspector and five coworkers testified. At the hearing, Uske recanted his admission to the postal inspectors *1377 that he found the photographs in question in the old Maintenance Office and that he sent the photos to Lips magazine. He also denied making the statements attributed to him by his co-workers to the effect that he had taken the photographs, submitted them to the magazine and initiated the distribution in the workplace.
In his Initial Decision, the administrative judge (AJ) reversed Uske’s removal and in doing so ruled that the agency must establish its charges by preponderant evidence, without the use of Uske’s recanted admissions. The AJ questioned the truthfulness of Chaplin’s testimony that the pictures were taken on Postal Service property, but even assuming they were, the AJ also found that the agency had failed to show by a preponderance of the evidence that Uske had taken the photos, that he had submitted them to the magazine, or that the magazine had paid him for the submissions.
The full board reversed the Initial Decision and sustained the agency’s removal of Uske, with one member dissenting. The board held that the AJ had erred in ruling that Uske’s recanted admissions could not be used by the agency to prove its charges. According to the board, although a recanted admission standing alone cannot constitute preponderant evidence that an employee had committed the charged misconduct, here the recanted admission could be considered because the agency had presented corroborating evidence consisting of the statements of the five witnesses, the testimony of the postal inspector, and the photographs themselves.
The board found that the agency had proved by a preponderance of the evidence that the photos were taken on Postal Service property, that Uske had taken the photographs, and that he had submitted them to Lips magazine for publication in exchange for payment. It noted that Chaplin was best qualified to identify the old Maintenance Office because it was his office, and that the inconsistencies in his testimony which the AJ had pointed out did not mean that all of his testimony lacked credibility. The board also noted that four other witnesses had identified the photographs as having been taken in the old Maintenance Office and testified concerning the statements Uske made to them regarding the source of the photographs. The board found the record supported the credibility of their testimony.[1]
The dissenting board member stated that extrajudicial admissions which are later recanted cannot by themselves be used to establish that an employee committed the charged misconduct. Because in the dissent’s view Uske’s recanted admissions constituted the only evidence that it was Uske who took the photos and had them published, he would have reversed Uske’s removal.
ANALYSIS
We must affirm a decision of the board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7708(c) (1988 & Supp. V 1993).
The opinion below relied on Roberts v. Department of the Treasury, 8 M.S.P.B. 323, 8 M.S.P.R. 674 (1981), and Wohlwend v. Department of HHS, 16 M.S.P.R. 458 (1983). In Roberts, the board held that without independent evidence tending to show that the misconduct occurred, an unsworn admission cannot satisfy the preponderant evidence standard. 8 M.S.P.R. at 679. Likewise, in Wohlwend, the board reversed the adverse action because the agency had not introduced independent evidence tending to show that the alleged conduct had occurred. 16 M.S.P.R. at 461. Both board opinions looked for authority in Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), and Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954), which involved criminal convictions that involved alleged improper reliance on extrajudicial statements. The Opper Court held that in order to support a conviction “the corroborative evidence need not be sufficient, independent of the statements, to establish the cor- *1378 pus delicti_ It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth.” 348 U.S. at 93, 75 S.Ct. at 164. In Wong Sun, the Court held that it “is a settled principle of the administration of criminal justice in the federal courts that a conviction must rest upon firmer ground that the uncorroborated admission or confession of the accused.” 371 U.S. at 488-89, 83 S.Ct. at 418.
The extent to which a recanted admission or confession can be relied on by an agency to support an adverse action is an issue of first impression in this court. At the outset, we note that the agency’s burden in sustaining an adverse action does not rise to the level needed for a criminal conviction. See Novotny v. Department of Transportation, 735 F.2d 521, 524 (Fed.Cir.1984) (“Contentions that government employees faced with removal are ‘entitled to all the protections of a criminal trial’ have been authoritatively rejected.”). Thus, the agency need only meet the lower preponderance of the evidence standard. 5 U.S.C. § 7701(c)(1)(B) (1988 & Supp. V1993); 5 C.F.R. § 1201.56(a) (1994). As part of its ease, the agency must of course prove that the events giving rise to the misconduct charged actually occurred. If the only proof the agency brings forth are later recanted statements by the employee, an adverse action cannot be justified. Wohlwend, 16 M.S.P.R. at 461; Roberts, 8 M.S.P.R. at 679.
This is not such a case. Here, the board found that the agency had proved by a preponderance of the evidence that the photographs published in Lips magazine were taken in the old Maintenance Office at the DMU. This finding was based on the statements and testimony of five of Uske’s coworkers regarding the background appearing in the photos, which constitutes substantial evidence. When the agency has proved that the charged conduct has occurred, the agency may rely on recanted admissions along with other evidence to support the other aspects of its charge. All elements of the agency’s charge do not have to be proved by evidence that is independent of recanted admissions. Uske’s statements to his co-workers and to the postal inspectors, even though recanted or denied by Uske, together with the other evidence constitute substantial evidence to support the agency’s charges.
Uske did not file an appeal of the AJ’s denial of his whistle-blowing claim to the full board and we, therefore, will not now consider Uske’s whistle-blowing argument. Lizut v. Department of the Army, 717 F.2d 1391, 1396 (Fed.Cir.1983). We have considered Uske’s other arguments and find them to be without merit.
CONCLUSION
For the foregoing reasons, the decision of the board is

AFFIRMED.

. The AJ specifically found that co-worker Porto’s testimony was candid, forthright, and credi-bie, and he did not find any major inconsistencies in the testimony of the other witnesses.