**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHRISTOPHER R. CHIN-YOUNG,
Appellant,

v.

DEPARTMENT OF THE ARMY,
Agency.

DOCKET NUMBER
DC-0752-15-1030-I-1

DATE: January 13, 2023

**THIS FINAL ORDER IS NONPRECEDENTIAL[1]**

<u>Chungsoo Lee</u>, Feasterville, Pennsylvania, for the appellant.

<u>Richard Kane</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the lack of candor charge and to clarify and supplement the administrative judge's analysis of the appellant's reprisal claims, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant was formerly employed by the agency as a GS-15 Supervisory Program Analyst, Chief Integration Office (CXO) Directorate, Office of the Army Chief Information Officer in Fort Belvoir, Virginia, until the agency removed him effective July 31, 2015. Initial Appeal File (IAF), Tab 9 at 41, Tab 11 at 41, Tab 98 at 5-21. The facts underlying this appeal, as found by the administrative judge, are as follows. Beginning in 2014, the agency began plans to reorganize and dissolve the CXO Directorate. IAF, Tab 128, Initial Decision (ID) at 9-11. In early 2014, the appellant was detailed to work in the Cyber Security Directorate, where he remained until April 21, 2014, when he departed to Camp Atterbury, Indiana, to prepare for deployment to Afghanistan through the Ministry of Defense Advisors (MoDA) program.[2] ID at 11.

---

[2] MoDA is a Department of Defense (DOD) program that partners DOD civilian experts with foreign counterparts to build ministerial core competencies such as personnel and readiness, logistics, strategy and policy, and financial management. *See*

¶3      The appellant reported to Afghanistan on or about July 3, 2014, for a tour that was scheduled to last 1 year. *Id.* However, he returned to the United States within 2 months of his arrival.[3] *Id.* Following his return, the appellant emailed his former supervisor on the Cyber Security Directorate detail to inform him he would be returning to work in October. ID at 12. Shortly thereafter, the new Director of the Cyber Security Directorate decided to detail the appellant to the Cyber Program Integration and Training Division, working out of the Pentagon. ID at 13. The appellant was notified of this decision, via an email from the Chief of Human Resources on November 3, 2014. *Id.* After an initial meeting with his new supervisor for the detail on December 17, 2014, the appellant effectively declined the detail and refused to report for work. ID at 14.

¶4      Effective July 31, 2015, the agency removed the appellant from his Supervisory Program Analyst position based on five charges of absent without leave (AWOL), failure to comply with leave procedures, failure to follow instructions, insolence, and lack of candor. IAF, Tab 98 at 5-21. The appellant filed a Board appeal challenging his removal and raising affirmative defenses of discrimination, retaliation, whistleblower reprisal, and harmful procedural error. IAF, Tab 1 at 5, Tab 41. He also contended that the November 3, 2014 detail was improper and, but for the improper detail, he would not have been removed. IAF, Tab 41 at 6-10.

¶5      After holding the appellant's requested hearing, the administrative judge issued a lengthy and detailed initial decision, sustaining the appellant's removal. ID at 1-77. The administrative judge found that the agency proved all of its charges and the appellant failed to prove his affirmative defenses. ID at 19-72.

---

https://comptroller.defense.gov/Portals/45/Documents/defbudget/fy2022/budget_justification/pdfs/01_Operation_and_Maintenance/O_M_VOL_1_PART_1/DSCA_OP-5.pdf.

[3] On August 23, 2014, the appellant's immediate redeployment was recommended due to his poor communication skills, failure to accept leadership guidance, and inability to successfully support the mission. IAF, Tab 12 at 35-36.

She also found that the penalty of removal promoted the efficiency of the service and was reasonable in light of the appellant's serious and repeated disrespectful conduct.[4]  ID at 72-76.

¶6    The administrative judge found that the agency proved that the appellant was AWOL for 798 hours from December 18, 2014, through May 30, 2015.  ID at 19-29.  Regarding the failure to follow leave procedures charge, she found that the agency proved that on specific dates between December 19, 2014, and May 29, 2015, the appellant failed to submit a leave request in support of his absences in accordance with written instructions.  ID at 29-31.  The administrative judge similarly found that the agency proved its charge that the appellant failed to follow instructions to report to work under the detail.  ID at 31-34.  Regarding the insolence charge, the administrative judge found that the agency proved that the appellant's communications with agency officials on various dates in December 2014 and January 2015 were disrespectful.  ID at 35-37.  Finally, the administrative judge sustained the lack of candor charge, finding that the agency proved that, on December 30, 2014, the appellant represented to the agency that he was still subject to deployment orders and unsure where he should be working when he knew that his tour had been curtailed on August 29, 2014.  ID at 40-42.

¶7    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 3.  The agency has opposed the appellant's petition.[5]  PFR File, Tab 15. The appellant has filed a reply.  PFR File, Tab 16.

---

[4] The appellant does not challenge these findings, and we discern no error in the administrative judge's analysis.

[5] Although the agency's initial response was rejected for failure to comply with the page limitations set forth in 5 C.F.R. § 1201.114(h), the Clerk of the Board afforded the agency until September 7, 2016, to file a perfected response.  PFR File, Tab 1.  Thus, we find the agency's September 7, 2016 response was timely filed and does not exceed the 30-page limitation.  PFR File, Tab 15.  Therefore, we deny the appellant's request to strike the agency's response.  PFR File, Tab 16 at 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the appellant was required to comply with the agency's directive to report to a detail in the Cyber Security Directorate.</u>

¶8      The appellant argued that the agency could not prove its charges because his November 3, 2014 detail was improper for various reasons, including that he could not perform the duties because he did not have a Top Secret clearance, it was improper to detail him to report to a supervisor who was subordinate to him, it lasted longer than 120 days, and he was entitled to occupy his position of record.  IAF, Tab 41 at 6-7.  Although the administrative judge found that such arguments lacked merit, ID at 15-19, she also found that the appellant could not refuse to come to work because he felt his detail was improper, ID at 16 (citing *Bowen v. Department of Justice*, 38 M.S.P.R. 332 (1988)).  Rather, he was required to report to the detail assignment as ordered with the option to seek redress for any grievance he may have had concerning the circumstances surrounding his detail.  *Id.*  We discern no error in the administrative judge's analysis.

¶9      On review, the appellant challenges various findings by the administrative judge concerning the facts surrounding his detail.  For example, he contends that she erred in her conclusions regarding the agency's authority to detail him, the reasons why he was initially detailed to the Cyber Security Directorate in early 2013, when CXO was slated to be dissolved, and when it was actually dissolved.  PFR File, Tab 3 at 10-13.  We find that such arguments, which go to the merits of the agency's decision to detail him, are not before the Board and, thus, do not provide a basis for reversing the initial decision, sustaining the appellant's removal.  *See, e.g.*, *Bowen*, 38 M.S.P.R. at 334 (stating that the Board lacks jurisdiction to review an agency's decision to detail an employee to another position when there is no reduction in pay); *Chance v. Federal Aviation Administration*, 5 M.S.P.R. 277, 279 (1981) (finding that the Board lacked jurisdiction to review the appellant's detail to another GS-15 position as part of a

reorganization when he had suffered no loss in grade or pay and had not yet been affected by any personnel action that would require or permit an agency to use reduction-in-force procedures).

<u>The administrative judge properly found that the agency proved its charges.</u>

¶10     In evaluating the lack of candor charge, the administrative judge applied the standard set forth by the Board's reviewing court in *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002), in which the court stated that a lack of candor charge may be proven by showing that the employee failed "to disclose something that, in the circumstances, should have been disclosed in order to make the given statement accurate and complete," and she found that the agency proved specification 2 and the charge.  ID at 37.  On review, the appellant contends that the administrative judge applied an incorrect standard, and she failed to make a finding regarding whether he knowingly gave incorrect or incomplete information.  PFR File, Tab 3 at 22-23.  The appellant also contends that the administrative judge erred in finding that the agency proved specification 2 of the lack of candor charge.  *Id.* at 14-16, 22-23.

¶11     We agree with the appellant that a lack of candor charge requires proof that the employee gave incorrect or incomplete information and that he did so knowingly.  *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016).  We find no material error with the initial decision, however, because the administrative judge made detailed findings sufficient to satisfy both *Fargnoli* criteria.

¶12     In specification 2, the agency charged the appellant with representing to CyberSecurity Director E.M. in a December 30, 2014 meeting that he was still subject to deployment orders with MoDA through June 27, 2015, and since his return from Afghanistan, he was unsure where he should be working, despite the fact that he knew that his tour and travel orders had been curtailed on August 29, 2014.  IAF, Tab 9 at 68.  Importantly, the administrative judge found that the appellant did not dispute the agency's representation that he made the statement

as alleged during this meeting.  ID at 40.  The administrative judge found that the appellant was "clearly aware" that he would not be returning to Afghanistan based on an August 29, 2014 letter of release for redeployment—which referenced his release from his current assignment and explicitly stated that he would not be returning to the assignment—and that his representations to the contrary about his MoDA assignment were "disingenuous."[6]  ID at 38, 41; IAF, Tab 12 at 34.  The administrative judge further found that there was "simply no reason for the appellant to believe or assert that he was unsure whether or not he was working for the agency or for MoDA."  ID at 41.  Finally, the administrative judge concluded that the appellant's representation that he was still on deployment orders to MoDA was "clearly erroneous and likely made with an intent to disavow any intent of the agency to require him to report for work on the detail assignment."   ID at 41-42.   For these reasons, we find that the administrative judge implicitly found that the agency proved that the appellant provided incomplete or inaccurate information to E.M. during the December 30, 2014 meeting and did so knowingly.   We affirm as modified herein the administrative judge's decision to sustain specification 2 and the lack of candor charge.  ID at 42.

---

[6] We have also considered the appellant's assertion that the administrative judge erred in finding that he was released from his MoDA assignment on August 29, 2014, that she failed to consider his testimony that the August 29, 2014 letter was merely a travel authorization and did not establish that he had been released from his MoDA assignment for redeployment to the agency, and that he was never released from his MoDA assignment.  PFR File, Tab 3 at 14-16.  The administrative judge considered these arguments, but she found that the appellant's testimony was not credible because it conflicted with emails he sent to agency officials after his deployment indicating that he would be returning to work and that he had completed his MoDA detail on September 30, 2014, following his return from Afghanistan and medical checkout.  ID at 41-42.  Thus, we find that the appellant's arguments constitute mere disagreement with the administrative judge's findings and do not provide a basis for reversal.  *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶13　　To the extent the appellant does not identify any other specific errors the administrative judge made in evaluating the agency's evidence in support of its charges or applying the law, the Board will not embark upon a complete review of the record. *See Baney v. Department of Justice*, 109 M.S.P.R. 242, ¶ 7 (2008); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992); 5 C.F.R. § 1201.115.

The administrative judge properly found that the appellant failed to prove his affirmative defense of harmful procedural error.

¶14　　On review, the appellant reiterates his argument that the agency failed to provide him with copies of all of the documents it relied upon in proposing his removal.　PFR File, Tab 3 at 5-7.　He contends that, in his response to the proposal, he requested that the materials be sent to him at his mailing address. *Id.* at 6.　The administrative judge found that the appellant was advised that he could contact a human resources specialist to make arrangements to review the material relied upon but that he conceded at the hearing that he failed to do so.　ID at 65. The administrative judge further found that, although the appellant testified that he lived in Georgia and would have traveled to Virginia to review the records if the agency paid him to do so, the agency was not required to so do.　ID at 65-66. She further noted that, had the appellant properly reported to duty in Virginia as he had been repeatedly instructed to do, he could have easily made arrangements to review the documents.　ID at 66.　We discern no error in the administrative judge's analysis.　Our reviewing court has held that an agency's requirement that documents be reviewed at the agency's office, although an "inconvenience," does not constitute harmful error.　*Novotny v. Department of Transportation*, 735 F.2d 521, 523 (Fed. Cir. 1984).

<u>The administrative judge properly found that the appellant failed to prove his reprisal affirmative defenses.</u>[7]

¶15        The administrative judge considered the appellant's claims that he was removed in reprisal for engaging in protected activity, including filing prior Board appeals, engaging in equal employment opportunity (EEO) activity, and making various whistleblowing disclosures, but she found that he failed to prove such claims.   ID at 55-65.   On review, the appellant challenges some of the administrative judge's findings regarding these reprisal claims.   PFR File, Tab 3 at 7-10.   For the following reasons, we modify the initial decision to supplement the administrative judge's analysis, but we agree with her ultimate conclusion that the appellant did not prove these reprisal affirmative defenses.

*Reprisal for Whistleblowing Disclosures and Protected Activity*

¶16        An appellant asserting an affirmative defense of reprisal for whistleblowing disclosures or other protected activity must show, by preponderant evidence,[8] that he made a protected disclosure pursuant to 5 U.S.C. § 2302(b)(8) or engaged in protected activity as defined in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), and (D) and the disclosure or protected activity was a contributing factor in the personnel

---

[7] The appellant does not challenge the administrative judge's findings that he failed to prove his affirmative defenses of discrimination based on race, color, sex, or national origin.   ID at 42-46.   We discern no error in the administrative judge's analysis. Although she discussed the types of direct and circumstantial evidence set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015), she properly considered the evidence as a whole and found that the appellant failed to show that his removal was motivated by discrimination.   *See Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 29 (2016) (clarifying that the types of evidence set forth in *Savage* are not subject to differing evidentiary standards and explaining that "all evidence belongs in a single pile and must be evaluated as a whole"), *clarified by Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 23-24.   Similarly, the appellant does not challenge, and we discern no error with, the administrative judge's finding that he failed to prove his affirmative defense of disability discrimination. ID at 46-54.

[8] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.   5 C.F.R. § 1201.4(q).

action(s). *Ayers v. Department of the Army*, [123 M.S.P.R. 11](#), ¶ 12 (2015); *Alarid v. Department of the Army*, [122 M.S.P.R. 600](#), ¶ 12 (2015); *see* [5 U.S.C. § 1221](#)(e)(1). If the appellant establishes a prima facie case of such reprisal, then the burden of persuasion shifts to the agency to show by clear and convincing evidence that it would have taken the same personnel action(s) absent any whistleblowing disclosure or protected activity. *Ayers*, [123 M.S.P.R. 11](#), ¶ 12; *Alarid*, [122 M.S.P.R. 600](#), ¶ 12; *see* [5 U.S.C. § 1221](#)(e)(2).

¶17    In the initial decision, the administrative judge identified eight separate disclosures raised by the appellant: (1) a 2007 efficiency study conducted by his prior Command, which found various regulatory violations; (2) a 2010 complaint to the Office of the Inspector General; (3) disclosures to then-Deputy Chief Information Officer M.K. in January 2012 or 2013 about contract issues; (4) a 2013 disclosure of two contracts steered by M.K. to two specific companies; (5) a 2014 disclosure of a prohibited personnel practice involving the hiring of A.A.; (6) a 2014 disclosure involving alleged improper hiring of E.M. as Director of Cyber Security;[9] (7) a July 2014 disclosure to the Special Inspector General for Afghanistan Reconstruction (SIGAR) about a contract with the Defense Reconnaissance System (disclosure of fraud, waste, and abuse regarding a telecommunication tower); and (8) a late 2014 Office of Special Counsel (OSC) complaint alleging fraud, abuse, and contract violations regarding some contracting officers. ID at 58-61.

¶18    The administrative judge explicitly found in the initial decision that no one involved in the removal action had knowledge of disclosures 1 through 5 and 8. ID at 58-62. The appellant did not challenge these findings on review. As noted above, *supra* note 9, disclosure 6 was contained in the same Memorandum as

---

[9] Disclosures 5 and 6 appear to have been contained in the same undated Memorandum written by the appellant. Hearing Transcript (HT) 4 at 183-90 (testimony of the appellant); IAF, Tab 88 at 19-25. However, the administrative judge noted in the hearing that the appellant testified that he emailed the Memorandum in June or July 2014. ID at 61; HT 4 at 190 (testimony of the appellant).

disclosure 5; therefore, we believe that the administrative judge implicitly found that the appellant did not prove that anyone involved in the removal action had knowledge of disclosure 6. Accordingly, because we affirm the administrative judge's explicit and implicit knowledge findings, we do not consider disclosures 1 through 6 and 8 further. *See, e.g.*, 5 U.S.C. § 1221(e)(2) (explaining that it is unnecessary to reach the clear and convincing analysis stage until "after a finding that a protected disclosure was a contributing factor" in a personnel action).

¶19        The administrative judge did not make any findings regarding the proposing and/or deciding officials' knowledge of disclosure 7.[10] ID at 61-62. We modify the initial decision in this regard. The record is not well developed on this issue. However, because the proposing and deciding officials testified that they each had some generalized knowledge of the appellant's allegations of fraud, waste, and/or abuse, Hearing Transcript (HT) 2 at 202 (testimony of the proposing official); HT 4 at 71-72 (testimony of the deciding official), and the appellant's complaint to SIGAR involved allegations of fraud, waste, and abuse of funds regarding a contract for a telecommunication tower, ID at 61; HT 4 at 203-04 (testimony of the appellant), we find that the administrative judge implicitly found that the proposing and/or deciding officials had knowledge of his SIGAR complaint (disclosure 7). 5 U.S.C. § 1221(e)(1)(A). The timing element of contributing factor is satisfied because the appellant made the SIGAR complaint in July 2014, and he was removed in July 2015. 5 U.S.C. § 1221(e)(1)(B); HT 4 at 202-04 (testimony of the appellant); ID at 5, 61; IAF, Tab 1 at 49-65; *see Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015) (noting that the Board has held that a personnel action taken within approximately 1 to 2 years of the appellant's disclosure satisfies the contributing factor knowledge/timing test).

---

[10] The administrative judge also did not make specific findings regarding whether this disclosure constituted a whistleblowing disclosure pursuant to 5 U.S.C. § 2302(b)(8) or activity protected by 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). We modify the initial decision to find that the appellant's complaint to SIGAR constituted activity protected by 5 U.S.C. § 2302(b)(9)(C).

Having found that the appellant's SIGAR complaint was a contributing factor in the removal action, we will proceed to the next step of the analysis.

¶20        In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of a whistleblowing disclosure, the Board will consider the following "*Carr* factors": the strength of the agency's evidence in support of its action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 11; *see Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).[11]

¶21        The administrative judge conducted a brief and generic *Carr* factor analysis, finding in pertinent part that the evidence was "overwhelmingly clear" that the agency would have removed the appellant absent any whistleblowing disclosures or activity. ID at 64. We supplement the initial decision to explicitly address each of the *Carr* factors. First, the agency's evidence was very strong as evidenced by the administrative judge's findings in the initial decision. ID at 19-42 (sustaining the charges of AWOL, failure to follow leave procedures, failure to follow instructions, insolence, and lack of candor). Regarding the second *Carr* factor, the appellant's SIGAR complaint alleging fraud, waste, and/or abuse could create some motive to retaliate. *See Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 33 (2013) (finding that, even if an appellant's disclosures do not directly implicate or harm her superiors, her

---

[11] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on this issue. However, as a result of changes initiated by the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, extended for 3 years in the All Circuit Review Extension Act, Pub. L. No. 113-170, 128 Stat. 1894, and eventually made permanent in the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B).

criticism reflecting on them both in their capacity as managers and employees is sufficient to establish a substantial retaliatory motive). However, we do not find that any such motive is strong because it does not appear that the appellant's SIGAR complaint implicated the proposing or deciding officials. Thus, this factor may slightly weigh in the appellant's favor. Finally, regarding *Carr* factor 3, it does not appear that the agency put forth any evidence about potential comparators. However, the agency's inability to identify any comparators is not surprising given the unique circumstances in this appeal, particularly the extent of the sustained misconduct coupled with the appellant's GS-15 status. Indeed, the deciding official testified that he had "not encountered a senior-level employee with five charges this significant and going on . . . for this long period of time." HT 4 at 30 (testimony of the deciding official). Accordingly, we do not accord this *Carr* factor much weight in our analysis. On balance, we conclude that the strength of the agency's evidence considerably outweighs the remaining *Carr* factors, and we find that the agency has proven by clear and convincing evidence that it would have removed the appellant absent his SIGAR complaint.

¶22 On review, the appellant contends that the administrative judge failed to consider that the August 23, 2014 letter from a Senior Telecommunications Advisor recommending his immediate redeployment from his MoDA detail, *supra* ¶ 3 n.3, constituted retaliation for his SIGAR complaint regarding fraud, waste, and abuse, and he filed a complaint with OSC in February 2015 regarding this letter. PFR File, Tab 3 at 7-9. He also asserts that the proposing official testified that he considered the August 23, 2014 letter in making the decision to propose his removal. PFR File, Tab 3 at 9. These arguments do not warrant a different outcome.

¶23 Importantly, as the appellant notes on review, PFR File, Tab 3 at 7, the administrative judge discussed the August 23, 2014 letter in the initial decision in the context of her analysis of specification 1 of the lack of candor charge, which she did not sustain, ID at 37-40. Moreover, the proposing official's alleged

knowledge and/or consideration of the August 23, 2014 letter does not warrant a different outcome. Although the letter itself does not explicitly or implicitly reference any of the appellant's disclosures or activity, IAF, Tab 12 at 35-36, we have already found preponderant evidence that the proposing and/or deciding officials had knowledge of the appellant's SIGAR complaint. Moreover, we have affirmed the administrative judge's finding that the agency proved by clear and convincing evidence that it would have removed him absent this activity.

¶24    The appellant also asserts on review that his February 23, 2015 OSC complaint of whistleblower reprisal (MA-15-2358) led to his removal. PFR File, Tab 3 at 8-9; IAF, Tab 88 at 13-17. At first glance, it does not appear that he raised this argument below. However, upon closer inspection, there is a discrepancy in the record that we need to resolve before addressing this argument. The record reflects that the administrative judge identified a "late 2014" OSC complaint as one of the appellant's disclosures, IAF, Tab 100 at 17, and she evaluated such a disclosure in the initial decision, finding that no one involved in the removal had knowledge of this OSC complaint or any allegations therein, ID at 61-62. It appears that the administrative judge's reference to a "late 2014" OSC complaint stemmed from the appellant's revised prehearing submission, in which he used the term "late 2014" to describe his OSC complaint. IAF, Tab 84 at 16. There, however, the appellant referenced exhibit MMMM-1, which was, in fact, the February 23, 2015 OSC complaint and docket number identified above. *Id.* (citing IAF, Tab 88 at 13-15). Thus, the "late 2014" OSC complaint discussed below and in the initial decision is the same as the February 23, 2015 complaint that the appellant discusses on review. Having resolved this apparent discrepancy, we discern no error with the administrative judge's conclusion that

no one involved in the removal had knowledge of any such OSC complaint or any of the allegations contained therein.[12]  ID at 61-62.

¶25      Finally, the appellant asserts on review that the August 23, 2014 letter was in "direct retaliation" for his SIGAR complaint, he appears to suggest that the author of the August 23, 2014 letter had knowledge of his SIGAR complaint because the letter was issued "[a]lmost simultaneously," and he states that he filed an OSC retaliation complaint regarding this letter.  PFR File, Tab 3 at 8. This issue was not explicitly raised below,[13] IAF, Tabs 100, 105, and the

---

[12] To the extent that the appellant is asserting on review that the Board has jurisdiction over his claim that his November 2014 detail was in reprisal for whistleblowing disclosures or protected activity, and that he exhausted his administrative remedy with OSC regarding such a claim, PFR File, Tab 3 at 21-22, he may file a separate individual right of action (IRA) appeal with the regional office.  If he has already filed such an appeal, the Board will address it in due course.

[13] By contrast, in the initial decision, the administrative judge considered the appellant's argument, explicitly made below, that the decision to eliminate the CXO Directorate prior to his deployment was in retaliation for whistleblowing disclosures or activity.  ID at 62; IAF, Tab 105 at 6-7.  The administrative judge noted that a detail is not otherwise appealable to the Board and, thus, the appellant would normally be required to file an IRA appeal after exhausting his administrative remedy with OSC.  ID at 62.  However, the administrative judge considered the argument because of the appellant's contention, explicitly made below, that he would not have been detailed when he returned from Afghanistan and the conduct at issue would not have occurred. *Id.*  The administrative judge noted that M.K. recommended the elimination of the CXO Directorate and Lieutenant General R.F. approved the recommendation.  *Id.*  She found that Lieutenant General R.F. did not have any knowledge of any whistleblowing disclosures at the time he made the decision to eliminate the CXO Directorate, and M.K. did not recall any discussions about contract fraud or other alleged improprieties; the administrative judge found alternatively that, even if M.K. did have such knowledge, the agency established by clear and convincing evidence that it would have detailed him absent any disclosures.  ID at 62-64.  As relevant to the removal appeal, the administrative judge noted that M.K. was retired at the time the removal was proposed and/or effected, and there was no showing that M.K. or Lieutenant R.F. was at all involved in the decision to remove the appellant.  ID at 63.  Neither party challenges on review the administrative judge's decision to concomitantly evaluate the elimination of the CXO Directorate as part of this reprisal claim, and the appellant does not appear to challenge specifically any of the administrative judge's findings regarding knowledge or the agency's satisfaction of its clear and convincing burden in this regard.

appellant does not offer any evidence on review that would warrant a different outcome. Therefore, we need not address this contention further.[14] *See, e.g.*, *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (stating that generally the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). We have considered the appellant's remaining arguments on review, but none warrant a different outcome.

### *Reprisal for EEO Complaints and Prior Board Appeals*

¶26 In the initial decision, the administrative judge cited and applied the "genuine nexus" standard to evaluate these claims. ID at 54-58 (citing *Cloonan v. U.S. Postal Service*, 65 M.S.P.R. 1, 4 (1994), and *Rockwell v. Department of Commerce*, 39 M.S.P.R. 217, 222 (1989)). The administrative judge found that the appellant failed to prove that any agency official was aware of his prior Board activity. ID at 55-56. She noted that only the deciding official was aware of the appellant's prior EEO complaints, but she implicitly credited the deciding official's testimony denying that such activity had any impact on his decision to uphold the proposed removal. ID at 56-57. The administrative judge further found that the appellant failed to prove that his prior EEO complaints and Board appeals were a motivating factor in the removal action, and she concluded that he failed to prove these reprisal claims. ID at 57.

¶27 The administrative judge's reliance on the "genuine nexus" standard was improper. In *Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 8

---

[14] To the extent that the appellant contends that he exhausted his administrative remedy with OSC regarding the SIGAR complaint as it relates to the redeployment action, as noted above, he may file an IRA appeal with the regional office.

(2016), the Board clarified that the "genuine nexus" standard applies to activity protected by 5 U.S.C. § 2302(b)(9)(A)(ii), when that activity does not include allegations of reprisal for EEO activity protected by Title VII of the Civil Rights Act of 1964, as amended. The appellant's prior EEO complaints obviously involve such activity and his prior removal appeal involved allegations of reprisal for such activity. *See, e.g.*, *Chin-Young v. Department of the Army*, MSPB Docket No. DC-0751-11-0394-I-1, Initial Appeal File, Tab 1 at 13 (alleging, in the earlier removal appeal, discrimination based on race, national origin, and color, and reprisal for prior EEO activity). Therefore, the administrative judge should have analyzed these reprisal claims pursuant to the motivating factor standard described in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015), *overruled in part by Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 23-25, as she did the appellant's race, color, sex, and national origin discrimination claims. ID at 42-46.

¶28    Ultimately, though, the administrative judge's error does not warrant a different outcome. As noted above, the administrative judge concluded that the appellant "failed to provide any evidence that any Board or EEO activity or complaints were motivating factors in the agency's action." ID at 57. The appellant's arguments on review do not warrant a different outcome regarding his EEO reprisal claims involving race, color, sex, and national origin discrimination.[15]

¶29    The appellant's claim of reprisal for EEO activity involving allegations of disability discrimination are protected by the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act, the standards of which have been incorporated by reference into the Rehabilitation Act.

---

[15] Because we find that the appellant did not meet his initial burden to prove his EEO activity involving race, color, sex, and national origin discrimination was a motivating factor in the agency's action, we do not reach the question of whether this EEO activity was a "but-for" cause of that action. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33. .

29 U.S.C. § 791(f); 42 U.S.C. § 12203(a); *Pridgen*, 2022 MSPB 31, ¶¶ 26, 36. This type of claim requires the appellant prove "but-for" causation as his initial burden. *Pridgen*, 2022 MSPB 31, ¶¶ 35-38, 40-41. Because we agree with the administrative judge's finding that he did not meet his initial burden to prove motivating factor, we also find that he would be unable to prove "but-for" causation. The appellant's remaining arguments do not warrant a different outcome.

We decline to consider the appellant's new argument raised for the first time on review.

¶30    On review, the appellant contends that the agency violated 10 U.S.C. § 1586(c)(1)-(2) by failing to restore him to his position of record following his return from Afghanistan. PFR File, Tab 3 at 20-21. The appellant failed to raise such a claim below, despite the administrative judge's affirmative defenses order, which instructed him to identify the provisions of law he was contending the agency violated. IAF, Tab 14 at 15, Tab 41. We decline to consider such an argument for the first time on review because the appellant has not shown that it is based on any new evidence. *See Banks*, 4 M.S.P.R. at 271 (stating that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Regardless, the record reflects that the appellant's position of record remained the same. IAF, Tab 9 at 41, Tab 11 at 41.

¶31    Based on the foregoing, we affirm the initial decision, sustaining the appellant's removal.

## NOTICE OF APPEAL RIGHTS[16]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[16] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[17] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

---

[17] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                         /s/ for
                                       Jennifer Everling
                                       Acting Clerk of the Board
Washington, D.C.